## MONCADA v. GARCIA.

### No. 9071.

Court of Civil Appeals of Texas. San Antonio.

May 3, 1933.

Rehearing Denied June 28, 1933.

Gibson & Blackshear, of Laredo, for appellant.

Mann, Neel & Mann, of Laredo, for appellee.

MURRAY, Justice.

Appellee, Santiago Garcia, who was plaintiff below, instituted this suit in the 111th district court of Webb county against appellant, Hector Moncada, defendant below, asking for damages for personal injuries sustained by him in an automobile collision between the car of Moncada and the car in which Garcia was riding as a guest. Manuel Ynguanzo was the owner and driver of the car in which Garcia was riding as a guest.

The collision occurred in the city of Laredo at the intersection of Juarez avenue and Washington street. Appellee was going north on Juarez avenue; appellant was traveling west on Washington street. When appellee got into Ynguanzo's car, the car was not running well, and appellee used the choker and succeeded in getting the car to run smoothly. Appellee was riding on the right side of the front seat. In the center of the car was the ignition key and hand brake. Under the provisions of a city ordinance of Laredo, automobiles traveling on streets have the right of way over automobiles traveling on avenues. Both appellee and Ynguanzo testified that they saw the car driven by appellant when it was in the middle of the block, some 125 feet from the point where the collision occurred. It was also shown that by turning off the ignition and applying the hand brake the guest car could have been stopped in a distance of three to five feet.

Appellant excepted to the main charge because it did not submit to the jury the question as to whether or not plaintiff was guilty of negligence in not stopping the car in which he was riding, and the further question as to whether or not such negligence was the proximate contributing cause of the injury. Appellant also prepared and presented to the court special requested charges covering these questions. The court overruled the exceptions and refused the specially requested charges. This action of the court constituted error, requiring the reversal of this cause.

The court submitted the question of appellee's failure to warn the driver of the approaching danger, but this did not take the place of the failure of the plaintiff to stop the car by the use of the means at his command. This defense was specially pleaded by the appellant, raised by the evidence, exception was taken to the main charge for failure to submit this issue, and the same was contained in a special requested charge presented by appellant. Under all the circumstances, it was error for the court to refuse this specially re-

quested issue. Texas City Terminal Ry. v. Showalter (Tex. Civ. App.) 257 S. W. 621; Boltinghouse v. Thompson (Tex. Civ. App.) 12 S.W.(2d) 253.

■ Appellant complains of alleged misconduct of the jury, in that the jury, before answering the special issues, first decided who should win the lawsuit. The testimony of the jurors is conflicting, or rather contradictory, as to whether or not this agreement influenced their answers. The trial court overruled the motion for a new trial, thus resolving this contradictory evidence in favor of appellee. The trial court did not abuse his discretion in so finding. Monkey Grip Rubber Co. v. Walton (Tex. Com. App.) 53 S.W. (2d) 770.

For the error pointed out, the judgment is reversed and the cause remanded.

### On Motion for Rehearing.

Appellee has filed a very earnest motion for a rehearing, insisting that we were in error in holding that the trial court should have given the special requested issue of appellant with reference to the contributory negligence of appellee. He insists that we have held as a matter of law that a guest in an automobile is required to attempt to seize control from the driver and undertake in this way to avoid a collision, and that his failure to do so would constitute negligence.

Appellee cites many authorities to the effect that the general rule is that a guest in a car is not required to attempt to seize control of the car from the driver. Some of these authorities are: Campion v. Eakle, 79 Colo. 320, 246 P. 280, 47 A. L. R. 289; 18 A. L. R. 314; Horton v. House (Tex. Com. App.) 29 S. W.(2d) 984; Yturria v. Everton (Tex. Civ. App.) 4 S.W.(2d) 211; City of Uvalde v. Stovall (Tex. Civ. App.) 279 S. W. 889; Lyon v. Phillips (Tex. Civ. App.) 196 S. W. 995; 5 Texas Jur. 789, § 171; Eastern Texas Electric Co. v. Smith (Tex. Civ. App.) 298 S. W. 314, 315.

The general rule is well stated in 5 Tex. Jur. 789, 790, § 171, from which we quote in part: "Furthermore, the plaintiff makes a case for recovery by proof (1) that the defendant operated his vehicle in a manner forbidden by law, and (2) that the plaintiff himself had nothing to do with the mode of operation of the vehicle in which he was riding."

We agree with this general statement, but the facts in this case show that Moncada did have something to do with the operation of the vehicle in which he was riding, and that fact takes this case out of the application of the general rule.

■■ It is plain that, where a guest in a car has no control over the operation of the car and does not in any way participate in the operation of the same, and the driver has the absolute and sole control over the operating and driving of the car, the guest is not required to and does not owe the duty to attempt to seize control of the car, or even to assist in its operation. But where, as in this case, the guest is engaging in the joint operation of the car, then it becomes a question of fact for the jury to pass upon as to whether or not the guest was guilty of negligence in failing to use the means at his command to stop the car.

■ Appellee for the first time in this motion attacks appellant's assignments with reference to this specially requested charge because it is not affirmatively shown that appellant excepted to the action of the trial court in refusing to give such special issue. The trial judge marked on this issue "refused" and signed same officially. It would have been more complete, probably, if the trial judge had added after the word "refused" the words "exception allowed." However, we feel that the matter as presented meets all of the requirements and is in conformity with the provisions of article 2188, Rev. St. 1925, and that same properly presents the error complained of on which the assignment is based.

■ Furthermore, this complaint, not having been raised by appellee in his reply brief, was in effect waived, and comes too late when raised for the first time upon a motion for rehearing.

Appellee's motion for rehearing will be overruled.