## Santiago Garcia v. Hector Moncada.

No. 6605.   Decided May 13, 1936.
Rehearing overruled June 10, 1936.
(94 S. W., 2d Series, 123.)

454

*Mann, Neel & Mann,* of Laredo, for plaintiff in error.

The extent of the duty resting on a guest riding in an automobile is merely to caution, warn or remonstrate with the driver, as to impending danger and not to physically interfere with him in the operation of the automobile. There being no duty resting upon the guest to do a certain thing, no question of fact exists as to whether or not such guest was negligent in failing to do such thing. Lyon v. Phillips, 196 S. W., 995; Yturria v. Everton, 4 S. W. (2d) 211; Horton v. House, 29 S. W. (2d) 984; 5 Texas Jur., 789, sec. 171; Blashfield Cyc. of Automobile Law, p. 1092, sec. 1.

A pedestrian, who is picked up by a friend in an automobile for the sole purpose of carrying him home as a friendly act, is not engaged in a joint enterprise with his host, even though the guest choke the motor of such car as an accommodation to his host. Chicago R. I. & G. Ry. Co. v. Johnson, 224 S. W., 282; El Paso v. Hedrick, 60 S. W. (2d) 763; McDonald v. Simons (Com. App.), 280 S. W., 571.

*Gibson & Blackshear,* of Laredo, for defendants in error.

The extent of the duty of a guest in an auto to prevent an impending accident is a question dependent upon the facts of each case, and where the evidence showed that the guest had a short time prior to the accident, at the request of the defendant, assisted in the operation of the auto, by choking the engine, plaintiff's proposition that a guest has no authority to actively interfere with the driver's control of the car is inapplicable. In re Plymouth Motor Corp., 46 Fed. (2d) 211;

Routledge v. Rambler Auto Co., 95 S. W., 749; Boltinghouse v. Thompson, 12 S. W. (2d) 253.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error Santiago Garcia recovered judgment in the trial court against defendant in error Hector Moncada for $3500.00 by way of damages for personal injuries sustained by him in a collision at a street intersection in the city of Laredo between an automobile owned and operated by Moncada and the one in which Garcia was riding as a guest of Manuel Ynguanzo. The Court of Civil Appeals reversed the trial court's judgment and remanded the case. 62 S. W. (2d) 215.

In answer to special issues the jury found that plaintiff in error was not negligent either in failing to keep a proper lookout or in failing to request the driver, Ynguanzo, to stop and wait for Moncada's car to pass after observing its approach. Defendant in error requested the court to submit to the jury the following additional special issue:

"Do you find from a preponderance of the evidence that plaintiff Santiago Garcia was negligent in failing to stop the car in which he was riding and allow defendant's car to pass after he, plaintiff, observed defendant's car approaching on Washington Street?"

That request was followed by a request for the submission of a related issue on proximate cause. The Court of Civil Appeals held that there was error in the trial court's refusal to submit these specially requested issues and reversed the judgment on that one ground. It was the view of the Court of Civil Appeals that an issue of fact was raised by the evidence as to the negligence of plaintiff in error in failing to turn off the ignition and apply the emergency brake and in that way bring the car to a stop and avoid a collision.

■ The relation between Ynguanzo and Garcia was that of host and guest. They were not engaged in any joint enterprise and Garcia had no control, or right of control, over the operation of the car in which he was riding. Ynguanzo was simply giving Garcia a ride home. The circumstance that when they first started out Gracia "choked" the car in order to make it run better, does not raise any issue of joint enterprise or joint control. This question was given careful consideration in West Texas Coaches v. Madi, 15 S. W. (2d) 170, affirmed by the Supreme Court in 26 S. W. (2d) 199 (Com. App.). Among other authorities of similar import, we cite the

following: Eastern Texas Electric Co. v. Smith, 298 S. W., 314; West v. Bruns, 294 S. W., 235; Central Texas & N. W. Ry. Co. v. Gibson, 83 S. W., 862; Id. 99 Texas, 98, 87 S. W., 814; 45 C. J., p. 1031; 5 Texas Jur., pp. 792-793, sec. 175.

■ The question of whether the evidence raised an issue of fact as to the contributory negligence of Garcia in failing to take charge of the operation and bring the car to a stop must be viewed in the light of the standard of conduct required of a guest having no right of control over the car or its operation. A person riding in an automobile as a guest of another is not chargeable with the driver's negligence, but he does owe the duty of ordinary care to avoid injury. As stated in Clark v. Connecticut Co., 83 Conn., 219, 76 Atl., 523, "The law fixes no different standard of duty for a passenger in an automobile than for the driver. Each is bound to use ordinary care." But while the standard is the same, the conduct which that standard requires may be, and generally is, very different. Conduct which would constitute ordinary care by a guest may fall far short of ordinary care by a driver. Their duties are different. The facts in evidence clearly raise the issue that Ynguanzo, the host, was negligent in not bringing his car to a stop, but our question is whether they raise such an issue as to Garcia, the guest. Generally, the question of the contributory negligence of a guest, like that of the contributory negligence of any other plaintiff, is one of fact to be determined by the trier of facts. But it is elementary that absent a duty to perform an act, one cannot be negligent in failing to perform it. If, as a matter of law, no duty is owing, then no issue of fact as to negligence is presented. That a guest in an automobile driven by another owes the duty to warn the driver under certain circumstances is well settled by the authorities. Texas Mexican Ry. Co. v. Hoy (Com. App.), 24 S. W. (2d) 18; Annotations in 18 A. L. R., 309; 22 A. L. R., 1294; 41 A. L. R., 767; 47 A. L. R., 293; 63 A. L. R., 1432, and 90 A. L. R., 984.

Different circumstances might give rise to other duties, but, of the many authorities from all over the country on the general subject of the personal care required of a guest in an automobile as affecting his right of recovery against a negligent third person which we have found and considered, not one has been found which imposes upon him the duty physically to interfere with the driver and take charge of the operation of the car.

In its opinion in the case of Bradley v. Interurban Ry. Co.,

191 Ia., 1351, 183 N. W., 493, the Supreme Court of Iowa uses this language:

"Within reasonable limits the invited passenger in an automobile may reasonably and lawfully rely on the skill and judgment of the driver. He cannot physically interfere with the driver's control of the car without peril of disaster. He may, under proper circumstances, sound an alarm if he sees danger ahead of which the driver seems oblivious, but even then he must still to some extent place his reliance upon the driver to avoid it. There is no rule of law which obliges him to forcibly seize the steering wheel and wrest it from the hands of the owner, or to jump from the rapidly moving vehicle to certain injury or death."

In the case of Dow v. Southern Pacific Co., 105 Calif. App., 378, 288 Pac., 89-93, the court says:

"The law presumes that a guest riding in an automobile will take reasonable precautions to protect himself from injury, but does not require him to interfere with the management of a machine over which he has no control."

The opinion in Marchetti v. Southern Pacific Co., 204 Calif., 679, 269 Pac., 529, quotes with approval the following from 3 Calif. Jur., pp. 853-854:

"Nor is the passenger obliged, even when the danger of collision becomes suddenly imminent, to displace the driver, seize the operating levers, and endeavor to avoid the impending catastrophe."

Of like import is the decision of the Supreme Court of Colorado in the case of Champion v. Eakle, 79 Colo., 320, 246 Pac., 208.

We do not announce the general rule that a guest owes no duty under any circumstances to displace the driver and himself assume control of the automobile, but in a case like the one here presented, where there is no evidence that the driver was not in full possession of all of his faculties and fully capable of operating the car, we think it should be held, as a matter of law, and we do so hold, that the guest owes no duty to assume active physical control over the car's operation. On the contrary, in most cases such a course of conduct would be fraught with danger, and would itself constitute negligence or trespass on the part of the guest. It follows that the trial court did not err in refusing to submit to the jury the special issues requested.

■■ Defendant in error made no motion for rehearing in the Court of Civil Appeals and filed no application for writ of

error here, but, since we have determined that the Court of Civil Appeals erred in sustaining the particular assignment made the ground on its judgment of reversal, we are authorized to consider the brief filed by him in that court, not for the purpose of reversing its judgment, but for the purpose only of determining whether, by sustaining any other assignment therein, we could affirm its judgment. If that judgment should be affirmed on any ground, it is our duty to do so. Cox, Inc., vs. Humble Oil & Refining Co. (Com. App.), 16 S. W. (2d) 285; Jordan v. Morten Investment Co., 90 S. W. (2d) 241. The only other assignments presented in that brief the sustaining of which would result in an affirmance of that judgment are those relating to the misconduct of the jury. We have examined them and find that they present no error. At most, the testimony upon the motion for new trial but raised an issue of fact as to the existence of misconduct, and a fact finding against its existence by the trial judge, undisturbed by the Court of Civil Appeals, is binding upon this Court. Monkey Grip Rubber Co. v. Walton, 122 Texas, 185, 53 S. W. (2d) 770.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

Opinion adopted by the Supreme Court May 13, 1936.

Rehearing overruled June 10, 1936.