THE SCHUHMACHER CO. V. MRS. MARY R. SHOOTER.

No. 7132. Decided February 15, 1939.
Rehearing overruled March 15, 1939.
(124 S. W., 2d Series, 857.)

*King, Wood & Morrow,* and *H. E. Cox,* all of Houston, for plaintiff in error.

A person riding in an automobile is not relieved from the legal obligation to exercise ordinary care for his own safety merely because he does not own the car and has no control over its operation, especially when evidence shows that said car was being operated at a speed of from 55 to 60 miles per hour, and the driver was engaged in conversation with a passenger and both were looking out over the countryside at the time of the collision with a truck which was approaching in the opposite direction on its side of the highway at a speed of from 20 to 25 miles per hour. Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas 635, 35 S. W. 1058; Armour & Co. v. Morgan, 108 Texas 417, 194 S. W. 942; Fox v. Dallas Hotel Co., 111 Texas 461, 240 S. W. 517; World Oil Co. v. Hicks, 19 S. W. (2d) 605.

The minor child of a deceased person, for whose death the suit has been brought, being a necessary party to the suit, no judgment could be entered until said child was made a party thereto. Adams v. Bankers Life Co., 36 S. W. (2d) 182; Butman v. Jones, 24 S. W. (2d) 796; Davis v. Wight, 218 S. W. 26.

*William F. Jackson,* of Hempsted, *Hart, Patterson, Hart & Brown* and *Benton Coopwood,* all of Austin, for defendant in error.

The amount of plaintiff's damages having been submitted in separate issues, and the child only having a cause of action because of the death of its mother, the failure of the child being joined as a party plaintiff should cause a reversal only as to that part of the judgment and that amount of the damage which plaintiff below recovered because of the wrongful death of plaintiff's daughter, the mother of the child. Galveston, H. & S. A. Ry. Co. v. Rich, 228 S. W. 631; Houston, E. & W. T. Ry. Co. 1 S. W. (2d) 743; 3 Texas Jur., 1151.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

The plaintiff below, Mrs. Mary R. Shooter, a widow, defendant in error here, recovered judgment in the trial court for $2000.00 because of injuries to her person received in an automobile-truck collision, $3600.00 because of the death of her daughter, Anabel, and $2400.00 because of the death of her daughter, Beatrice. The defendant, Schuhmacher Company, plaintiff in error, appealed. The Court of Civil Appeals affirmed

the judgment as to the amounts awarded Mrs. Shooter on account of injuries sustained to her person and the amount recovered on account of the death of Anabel, but reversed and remanded the cause in so far as it related to the recovery awarded on account of the death of Beatrice. 94 S. W. (2d) 484. The ground of the reversal of the judgment was that it developed upon the trial that Beatrice left surviving her a minor child who was not a party to the suit either directly or by anyone suing in its behalf. Plaintiff conceded that the judgment should be reversed, but contends, and was sustained in the contention by the Court of Civil Appeals, that only that part of the judgment should be reversed and remanded which awarded Mrs. Shooter $2400.00 on account of the death of Beatrice.

The reversal of the case in part only instead of in its entirety gives rise to the first question presented by the application. Plaintiff contends that in as much as the minor child of Beatrice has no interest in the damages arising from the death of its Aunt Anabel or the damages suffered by its grandmother, the trial court's error in trying the case without the child as a party affected only that part of the controversy relating to the recovery awarded on account of the death of Beatrice; and that a reversal and remand of only the judgment awarded because of her death operated to render the error harmless. The Court of Civil Appeals in sustaining plaintiff's contention quotes that part of rule 62a which reads: "If it appear to the court that the error affects a part only of the matter in controversy, *and the issues are severable,* the judgment shall only be reversed and a new trial ordered as to that part affected by such error." (Italics ours.)

■ The amounts awarded Mrs. Shooter on account of the deaths of Anabel and Beatrice respectively were awarded to compensate her, not as an heir, but for the pecuniary benefits by way of contributions which she had a reasonable expectation of receiving had they not been killed. While the minor child of Beatrice has no interest in the judgments awarded the grandmother on account of her own bodily injuries and on account of the death of her Aunt Anabel, the grandmother has an interest in the recovery sought in the remanded portion of the cause of action. It is obvious that if the judgment is affirmed as to the recoveries allowed because of Anabel's death and the bodily injuries of plaintiff and only that part of the judgment allowed on account of the death of Beatrice is remanded, defendant will suffer the consequences of having Mrs. Shooter's cause of action against it, tried piecemeal. If the issues of negligence upon which it is grounded were severable, or if Mrs. Shooter had no

interest in an alleged cause of action on account of Beatrice's death, another question would be presented. Such however is not the case and the quoted portion of rule 62a relied upon by plaintiff is not applicable. The Court of Civil Appeals was in error in remanding the cause in part rather than in its entirety. Davis v. Wright (writ. ref.), 218 S. W. 26.

■■ We agree with the Court of Civil Appeals in its holding that the trial court did not err in refusing to submit to the jury the requested issue inquiring whether Mrs. Shooter, who was a passenger in the car, failed to keep a reasonable look-out for "automobiles and trucks on the highway ahead of her just prior to and at the time of the collision." In addition to the cases quoted and cited by that court, see Horton & Horton v. House (Com. App.), 29 S. W. (2d) 984; Garcia v. Moncada, 127 Texas 453, 94 S. W. (2d) 123, id. 62 S. W. (2d) 215, 6 T. L. R. p. 111; West v. Bruns, 294 S. W. 235. It is true that a passenger owes the duty to warn the driver of danger under certain circumstances, but the facts of this case fail to disclose such duty. There is nothing in the testimony indicating a failure on plaintiff's part to exercise reasonable care for her safety unless the mere fact that there was some testimony that Anabel was driving at about 50 or 60 miles an hour just prior to the collision or was on the wrong side of the road, is sufficient to do so. The type of testimony referred to, as well as that concerning the positions of the car and truck and markings on the ground after the collision, while raising the issue of negligence vel non of the driver, does not, without more, raise an issue of a want of reasonable care on the part of plaintiff, a mere passenger. The occurrence of a collision is not of itself evidence of negligence on the part of plaintiff. Rankin v. Nash-Texas Co., 129 Texas 396, 105 S. W. (2d) 195.

Nor does the testimony bring the present case within the purview of the holdings in Texas Mexican Railway Co. v. Hoy (Com. App.), 24 S. W. (2d) 18; Murphy v. Milheiser (wr. ref.), 30 S. W. (2d) 586 or Thweatt et al v. Ocean Accident & Guarantee Corporation, Ltd. (wr. ref.) 62 S. W. (2d) 250. In the Hoy case the passenger was negligent as a matter of law in that he made it impossible to exercise any care whatsoever for his own safety by pulling a covering over his head during a blinding rain at a time when the duty unquestionably devolved upon him to exercise at least reasonable care for his own safety. In the Milheiser case the passenger was negligent as a matter of law in that he and the other passenger occupying the front seat with the driver of the car not only knew he had been operating the car for twenty miles between Houston and

Galveston at eighty miles an hour, but were in accord with him in his highly dangerous manner of operating it. In the Thweatt case, supra, the passenger on the motorcycle being driven without a lighted lamp sat "without warning or protest" and "knowingly" permitted himself "to be driven to his injury." So far as appears from the testimony in the present case Mrs. Shooter had no occasion to direct the manner of the driver's operation of the car. The driver was an experienced one and there is no evidence of any unusual hazard attendant upon the occasion prior to the accident or that anything had occurred which indicated plaintiff at the time in question was negligent in the matter of maintaining a lookout for "automobiles and trucks on the highway ahead * * *." The reasons stated uphold also the action of the trial court in refusing to submit the requested issue inquiring whether plaintiff was negligent in failing to make complaint to the driver of the speed at which she was operating the car. The Court of Civil Appeals correctly held that the trial court did not err in refusing to submit either requested issue.

■ We are not in agreement with the Court of Civil Appeals in its holding that the trial court did not err in refusing to submit the three groups of special issues requested by defendant which were designed to ascertain whether some one of the acts of the driver inquired about was the *sole proximate cause* of the collision. There was evidence to raise the respective groups of issues. It is settled that a general plea of contributory negligence not excepted to is sufficient to warrant submission of the issue either generally or in such respective groups of issues as may be made by the evidence if submission is requested. Owl Taxi Service et al v. Saludis, 122 S. W. (2d) 225 and cases there cited; Northcutt v. Magnolia Petroleum Co. (wr. ref.), 90 S. W. (2d) 632.

Although defendant did not plead specially that the negligence of the driver was the sole proximate cause of plaintiff's injuries it pleaded a general denial to her petition, which was sufficient as a defensive plea to warrant submission of the issue. Horton & Horton v. House, supra; Wright v. Traders & General Ins. Co. 132 Texas 172, 123 S. W. (2d) 314; 6 T. S. C. R. 24 and cases there cited; Id. 95 S. W. (2d) 753.

The charge upon another trial should be so framed with respect to the damages for injuries to plaintiff's person as to eliminate the criticism against it to the effect that it permits a recovery of double damages.

The question of improper argument, in view of another trial, need not be discussed.

The judgments of the trial court and Court of Civil Appeals are both reversed and the cause is remanded for another trial in its entirety.

Opinion adopted by the Supreme Court February 15, 1939.

Rehearing overruled March 15, 1939.