# A. J. Edmiston v. Texas & New Orleans Railroad Company.

No. 7387. Decided March 27, 1940.
Rehearing overruled May 29, 1940.
(138 S. W., 2d Series, 526.)

*Polk and Emmett Shelton* and *Everett L. Looney,* all of Austin, for plaintiffs in error.

The jury having returned a verdict entitling plaintiff to a judgment, the court could not, even if otherwise entitled to, render a judgment non obstante veredicto for defendant ex-

cept and until defendant had filed a motion in writing asking for such judgment, stating in the motion the reason therefor, preceded by notice to plaintiff, and after hearing, and since the trial court did render such judgment, without notice and hearing, it was error for the Court of Civil Appeals to affirm such judgment. R. C. S. 1925, Art. 2211, as amended in 1931; Amarillo Transfer & Storage Co. v. De Shong, 82 S. W. (2d) 381; Hines v. Parks 128 Texas 289, 96 S. W. (2d) 970.

*Baker, Botts, Andrews & Wharton,* of Houston, *Smith, Goldsmith, Adams & Bagby,* of Austin, for defendant in error.

Defendant was entitled as a matter of law to a judgment on the verdict of the jury and there was no necessity for its filing a motion asking for judgment non obstante veredicto, as required by Article 2211 of the statutes. Missouri, K. & T. Ry. Co. v. Cheek, 18 S. W. (2d) 804; Koock v. Goodnight, 71 S. W. (2d) 927; Bostick v. Texas & Pac. Ry. Co., 81 S. W. (2d) 216.

MR. PRESIDING JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Plaintiff in error sued defendant in error, the railroad company, for damages on account of injuries suffered by his wife, who was riding as a guest in an automobile which struck, or was struck by, defendant in error's switch engine at a crossing of the railroad track with a public street in the city of Austin.

The jury, in answer to special issues, found that employees of the railroad company, who operated the switch engine, were negligent in several particulars alleged and that each of such negligent acts was a proximate cause of the injury to Mrs. Edmiston. With respect to alleged acts of contributory negligence on the part of Mrs. Edmiston, the jury made the following finding: that Cecil Ramos, the driver of the automobile, was driving immediately before the collision at a rate of speed in excess of twenty miles per hour; that his action in driving at that rate of speed was a proximate cause of the collision; that Mrs. Edmiston failed to make any protest or otherwise attempt to persuade Ramos to reduce the speed of the automobile; but that such failure on her part was not negligence; that the whistle of the engine was blown before it reached the crossing; that Mrs. Edmiston, by the exercise of ordinary care, could have heard the whistle; that Mrs. Edmiston failed to call the attention of Ramos to the whistle; but that such failure on her part was not negligence; that the rear headlight on the switch engine was burning as the engine, which was backing,

approached the place of collision; that Mrs. Edmiston, by the exercise of ordinary care, could have seen the burning headlight; that Mrs. Edmiston failed to call the attention of Ramos to the burning headlight; but that her failure to do so was not negligence; that Mrs. Edmiston, by the exercise of ordinary care, could have seen the switch engine as it approached the crossing in time to have warned Ramos; that Mrs. Edmiston failed to call to the attention of Ramos the fact that the engine was approaching the crossing; but that such failure on the part of Mrs. Edmiston was not negligence; that Mrs. Edmiston failed to listen, watch and look out for trains and engines as the automobile approached the railroad track; but that such failure on her part was not negligence.

Plaintiff in error filed a motion for judgment on the verdict. Defendant in error, the railroad company, filed no motion for judgment. It did not by motion ask for the rendition of judgment in its favor either on the verdict or notwithstanding the verdict, and it filed no motion requesting the court in the rendition of judgment to disregard any of the special issue findings as not supported by evidence. The trial court overruled plaintiff in error's motion for judgment and rendered judgment that plaintiff in error take nothing by his suit, the judgment containing the recital of the court's opinion that the defendant in error was entitled to a judgment upon the verdict.

The Court of Civil Appeals affirmed the trial court's judgment, holding that the evidence showed that Mrs. Edmiston was guilty of contributory negligence as a matter of law, and that no issue other than that of discovered peril should have been submitted to the jury, and that, the jury having determined the issue of discovered peril in favor of the railroad company, the question whether the trial court could have rendered judgment non obstante veredicto without written motion by the railroad company and notice and hearing thereon, as required by amended Article 2211 of the Revised Civil Statutes, "was not material." 111 S. W. (2d) 848.

As we understand the ruling of the Court of Civil Appeals with respect to amended Article 2211 it is that, although the jury found by its answers to special issues that Mrs. Edmiston was not guilty of contributory negligence as alleged by the railroad company, the trial court, without the filing of a motion in accordance with the requirements of amended Article 2211, had the authority to disregard such findings of the jury and to render judgment that plaintiff in error take nothing,—this for the reason that the evidence, in the opinion of the

Court of Civil Appeals, showed as a matter of law that Mrs. Edmiston was guilty of contributory negligence.

■ This ruling, in our opinion, is contrary to the intention and meaning of the provisions which were added to Article 2211 by amendment in 1931 and which are as follows: "Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any special issue jury finding that has no support in the evidence." (Chapter 77, Acts Regular Session, 42nd Legislature).

■ As is pointed out by Judge German in the opinion in Hines v. Parks, 128 Texas 289, 96 S. W. (2d) 970, prior to the amendment of Article 2211 "it was definitely settled that ,by virtue of Article 2209 of the Revised Statutes of 1925, a trial court was without authority to set aside a jury's finding to an issue raised by the pleadings, even though such finding was against the undisputed proof or was without evidence to support it." See Waller v. Liles, 96 Texas 21, 70 S. W. 17; Massie v. Hutcheson (Com. App.), 270 S. W. 544. Quoting further from the opinion in Hines v. Parks, supra, "the amendment of 1931 was intended to obviate the apparent harshness of this rule, and to permit the disregarding of a special issue finding which had no support in the evidence. It is obvious, however, that even now in a case where there is a finding of a jury to a special issue, which is raised by the pleading, the only authority which the court has to disregard such finding is that given by the statute; and, of course, as the right is conferred by the statute, it can be exercised only in the manner and under the circumstances prescribed by the statute."

■ The issues submitted to the jury, as to acts of contributory negligence on the part of Mrs. Edmiston, were issues raised by the pleadings. They were issues which were under the pleadings material to the decision of the case. If there was no evidence sufficient to warrant the submission of these issue to the jury or if the uncontroverted evidence showed as a matter of law that Mrs. Edmiston was guilty of contributory negligence, the issues should not have been submitted to the jury, but after they were submitted and answered the trial court was without authority, when rendering judgment, to disregard the jury's answers to the issues, in the absence of motion, notice and hearing as prescribed by amended Article 2211.

A ruling that compliance with this statute is unnecessary when the answers to special issues are contrary to the undis-

puted evidence would nullify the statute, render it meaningless. Such ruling would be to say that, while the statute authorizes the court, upon the filing of a proper motion, to disregard a special issue jury finding that has no support in the evidence, the court may nevertheless, without the filing of any motion at all, disregard a special issue jury finding that has no support in the evidence, or, what amounts to the same thing, a special issue jury finding that is contrary to what the evidence shows as a matter of law.

■ The question here presented is different from that decided in Vogel v. Allen, 118 Texas 196, 13 S. W. (2d) 340, and like decisions, in which the issues submitted to the jury and answered were wholly immaterial under the pleadings and could afford no basis for judgment, however answered. Here the issues as to the alleged acts of contributory negligence on the part of Mrs. Edminston were material issues made by the pleadings and the answers to the issues, if supported by the evidence, could become the basis of a judgment. This being true, and no motion having been filed to disregard the special issue findings which exonorated Mrs. Edmiston of contributory negligence, the trial court's authority extended no further than to render judgment in conformity with the jury findings or to set the findings aside and grant a new trial, even though the court may have concluded that the findings were without evidence to support them. Massie v. Hutcheson (Com. App.), 270 S. W. 544, 545.

■ Defendant in error contends that the trial court was authorized to render judgment in its favor on the verdict, because the jury found that Mrs. Edmiston, by the exercise of ordinary care, could have heard the whistle, could have seen the rear headlight and could have seen the engine as it approached the crossing. The position taken is that these are findings of contributory negligence on the part of Mrs. Edmiston sufficient to defeat recovery for her injuries. It is apparent, however, from examination of all of the issues submitted by the court to the jury, that the several issues by which the jury was asked to find whether Mrs. Edminston, by the exercise of ordinary care, could have heard the whistle, could have seen the headlight and could have seen the engine pproaching the crossing, were preliminary to the issues by which, following each of said preliminary issues, the jury was asked to find whether Mrs. Edmiston failed to call the attention of Ramos to the whistle, to the light, and to the approaching engine and whether her failure to do so in each instance was negligence. The jury was not asked to

find whether Mrs. Edmiston's failure to hear the whistle or to see the headlight or to see the engine was negligence or whether any of such omissions was a proximate cause of her injuries. Issues expressly submitted to the jury questions of negligence on the part of Mrs. Edmiston and whether her acts of negligence were proximate causes of her injuries had reference only to her failure to warn Ramos. The jury answered in response to each of said issues, that Mrs. Edmiston was not negligent, and, in accordance with the court's instructions, did not answer the issues relating to proximate cause. We think it clearly appears from the manner in which the issues were submitted to the jury and from the answers to the issues relating to the conduct of Mrs. Edmiston that the jury found, and intended to find, that, while Mrs. Edmiston could have heard the bell, could have seen the headlight and could have seen the approaching engine in time to warn Ramos, her failure to do so and consequent failure to warn him were not negligence.

It is our opinion, after carefully reading the statement of facts, that the Court of Civil Appeals erred in concluding that the undisputed evidence shows that Mrs. Edmiston was guilty of contributory negligence as a matter of law in failing to listen, watch and look out for the switch engine, in failing to call the attention of the driver to the approaching switch engine and in failing to look out for the engine when, by the exercise of ordinary care, she could have seen the burning headlight.

According to Mrs. Edmiston's testimony, she did not see the switch engine until it was in the middle of the street and the automobile was within a few feet of the crossing, when she immediately cried out: "Lookout—there is the engine." The fault attributed to her is failure to listen and keep a lookout.

■ The rules with respect to the duty of one riding as a guest in an automobile to keep a lookout have been stated and applied in several cases, some of which are: Davis v. Pettitt (Com. App.), 258 S. W. 1046; Ford Motor Co. v. Maddin, 124 Texas 131, 76 S. W. (2d) 474; Garcia v. Moncada, 127 Texas 453, 94 S. W. (2d) 123; The Schuhmacher Co. v. Shooter, 132 Texas 560, 124 S. W. (2d) 857; International-Great Northern R. Co. v. Lucas, 123 S. W. (2d) 760 (application for writ of error refused). The substance of the rules announced by these decisions is briefly stated as follows. While the duty of the guest is measured by the same standard as that of the driver, which is that he is bound to use reasonable care, the care which a person of ordinary prudence would use under like circumstances, the conduct required by the standard is generally very different. The driver is in charge of the automobile and the law

imposes upon him the duty when driving on a public highway or street to use care constantly in keeping a lookout. Southland-Greyhound Lines, Inc., v. Richardson, 126 Texas 118, 124, 86 S. W. (2d) 731. The guest, however, not being in charge of the operation of the automobile, is not required constantly to keep a lookout. Ordinarily he may reasonably and lawfully rely on the driver to keep watch.

■ Associate Justice Funderburk, writing the opinion in International-Great Northern R. Co. v. Lucas, 123 S. W. (2d) 760, in which application for writ of error was refused, quoted with approval the following paragraph from the Restatement of the Law of Torts (Vol. 2, pp. 1282-1283, section 495), which in our opinion, is a correct declaration of the rule established by the decisions in this State as to the amount of care required of a guest in an automobile:

"Save in exceptional situations, a guest or passenger in a vehicle is not required to keep a constant lookout or to see to it that he shall be in a condition to do so. Thus, a plaintiff riding in the front seat may take his attention off the road to look at the scenery or may turn around to speak to a friend in the back or he may go to sleep or read a book without being guilty of contributory negligence if the driver commits some negligent act which the plaintiff, had he been on the alert, might have had the opportunity to prevent. However, if the plaintiff knows that at a particular point there will be a peculiar danger, which he has no reason to believe that the driver if unaided will perceive, the plaintiff may be guilty of negligence if he does not keep himself in a position to call the danger to the attention of the driver. Save under such exceptional circumstances, a plaintiff is entitled to trust the vigilance and skill of his driver unless he knows from past experience or from the manner in which the car is being driven on the particular trip, that the driver is likely to be inattentive or careless. So too, the plaintiff is not required to keep his eyes constantly on the speedometer to see whether the driver is exceeding the legal speed limit. He is required to call the attention of the driver to his excessive speed only when the speed is so great that a reasonable man would realize its excessive character."

We find no evidence in the record in this case conclusively proving the existence of exceptional circumstances which would impose upon Mrs. Edmiston the duty to keep the lookout that should have been kept by the driver or which should have caused

her to know or believe that she ought not to trust the vigilance of the driver.

Mrs. Edmiston testified that in her opinion the automobile was being driven immediately before the collision at about twenty-five miles an hour. Disinterested witnesses fixed the speed of the automobile at thirty or thirty-five miles per hour. It is not conclusively shown that Mrs. Edmiston knew that the street on which the automobile was being driven was crossed by the railroad tracks or that there was any physical condition which rendered the street extra hazardous, or that she knew of any peculiar danger that the driver, if unwarned, would fail to perceive. There is no evidence, except the speed somewhat in excess of the lawful rate, that Ramos was driving recklessly, and no evidence conclusively showing that Mrs. Edmiston knew or should have known, either from the manner in which the car was being driven or from past experience, that Ramos was likely to be inattentive or careless in keeping a lookout.

The evidence does not bring the instant case within the purview of the holdings of Texas Mexican Ry. Co. v. Hoy (Com. App.), 24 S. W. (2d) 18 and Murphy v. Milheiser, 30 S. W. (2d) 586. In those cases, as is explained by Judge Taylor in Schuhmacher v. Shooter, 132 Texas 560, 564-565, 124 S. W. (2d) 857, there existed exceptional circumstances, not present here, on account of which the plaintiff was called upon to exercise care for his own safety.

■ The evidence set out in the opinion of the Court of Civil Appeals in the instant case as the basis for its conclusion that Mrs. Edmiston was gilty of contributory negligence consists of uncontradicted proof of failure on her part to keep a lookout and to see the headlight and the approaching engine, when the view of the street, the crossing and the engine was open and unobstructed for more than 800 feet. The conclusion was drawn by that court that she was negligent as a matter of law because, she could have seen the light and could have seen the engine, had she looked. The fault in the conclusion is that it assumes an essential fact not conclusively established by the evidence, that is, that the circumstances were such that Mrs. Edmiston should not have relied upon the driver to keep a lookout. It is our opinion that the evidence, viewed most favorably to the defendant in error, was sufficient only to raise an issue or issues of fact as to whether Mrs. Edmiston was negligent.

The judgments of the district court and of the Court of Civil

Appeals are reversed and the cause is remanded to the district court.

Opinion adopted by the Supreme Court March 27, 1940.

Rehearing overruled May 29, 1940.