## HARPER v. TEXAS & P. RY. CO.
### No. 2071.

Court of Civil Appeals of Texas. Eastland.

Dec. 13, 1940.

Rehearing Denied Jan. 10, 1941.

Jones & Jones and C. A. Brian, all of Marshall, for plaintiff in error.

Wheeler, Atchley & Vance, of Texarkana, for defendant in error.

GRISSOM, Justice.

Pet Harper sued the Texas & Pacific Railway Company for damages resulting from the death of his son, Dick Harper, caused by a collision between a truck driven by H. C. Mays, in which Dick Harper

was riding, and a freight engine of the railway company. At the close of plaintiff's evidence, the court, on defendant's motion, instructed the jury to render a verdict for defendant, which it did, and judgment was rendered for the defendant. Plaintiff has appealed.

Plaintiff's pleadings and evidence raised issues as to the defendant's negligence, as well as proximate cause and damage to plaintiff. The sole question for decision is whether or not the act of Dick Harper in going to sleep in the truck, knowing that before he reached his destination the truck must be driven over a railway crossing in the town of Atlanta, constituted contributory negligence as a matter of law. (It was apparently upon this theory that the trial court instructed a verdict for defendant.)

On the occasion in question, Dick Harper, a 20 year old negro boy, had been working all day in a gravel pit about twelve miles from Atlanta. The collision occurred about 9:30 at night. The truck was being driven to Atlanta by a white man, Mr. Mays. Mays was a truck driver of eleven years' experience. He was about 27 years old. The truck was in good mechanical condition and there was nothing about its condition or equipment which indicated that it might not be a safe vehicle, and there is no indication in the evidence that any defect in the truck or its equipment might or did cause the collision. There was nothing in the manner in which Mays handled the truck to indicate to Dick Harper that he was not a competent and careful driver. At the end of the day's work Mays picked up Dick Harper in his truck and started with him to the town of Atlanta. Several miles from town the negro went to sleep in the cab of the truck and was still asleep at the time of the collision, which resulted in his death.

 The Supreme Court, in an opinion by Judge Smedley, in Edmiston v. Texas & N. O. Ry. Co., Tex.Com.App., 138 S.W.2d 526, 529, announced the rule applicable to the question presented as follows:

"The rules with respect to the duty of one riding as a guest in an automobile to keep a lookout have been stated and applied in several cases, some of which are: Davis v. Pettitt, Tex.Com.App., 258 S.W. 1046; Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474; Garcia v. Moncada, 127 Tex. 453, 94 S.W.2d 123; Schumacher

Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857; International-Great Northern R. Co. v. Lucas, Tex.Civ.App., 123 S.W.2d 760, application for writ of error refused. The substance of the rules announced by these decisions is briefly stated as follows: While the duty of the guest is measured by the same standard as that of the driver, which is that he is bound to use reasonable. care, the care which a person of ordinary prudence would use under like circumstances, the conduct required by the standard is generally very different. The driver is in charge of the automobile and the law imposes upon him the duty when driving on a public highway or street to use care constantly in keeping a lookout. Southland-Greyhound Lines, Inc. v. Richardson, 126 Tex. 118, 124, 86 S.W.2d 731. The guest, however, not being in charge of the operation of the automobile, is not required constantly to keep a lookout. *Ordinarily he may reasonably and lawfully rely on the driver to keep watch.*

"Associate Justice Funderburk, writing the opinion in International-Great Northern R. Co. v. Lucas, Tex.Civ.App., 123 S.W.2d 760, 764, in which application for writ of error was refused, quoted with approval the following paragraph from the Restatement of the Law of Torts (vol. 2, pp. 1282, 1283, section 495), which, in our opinion, is a correct declaration of the rule established by the decisions in this state as to the amount of care required of a guest in an automobile: 'Save in exceptional situations, a guest or passenger in a vehicle is not required to keep a constant lookout or to see to it that he shall be in a condition to do so. Thus, a plaintiff riding in the front seat may take his attention off the road to look at the scenery or may turn around to speak to a friend in the back or *he may go to sleep* or read a book *without being guilty of contributory negligence* if the driver commits some negligent act which the plaintiff, had he been on the alert, might have had the opportunity to prevent. However, if the plaintiff knows that at a particular point there will be a peculiar danger, which he has no reason to believe that the driver if unaided will perceive, the plaintiff may be guilty of negligence if he does not keep himself in a position to call the danger to the attention of the driver. Save under such exceptional circumstances, a plaintiff is entitled to trust the vigilance and skill of his driver unless he knows from past experience or from the manner in which the car

is being driven on the particular trip, that the driver is likely to be inattentive or careless.'" (Italics ours.)

Also see International-Great Northern R. Co. v. Lucas, Tex.Civ.App., 123 S.W. 2d 760, 764, writ refused; Davis v. Pettitt, Tex.Com.App., 258 S.W. 1046, 1050; Ford Motor Co. v. Maddin et al., 124 Tex. 131, 138, 76 S.W.2d 474; Garcia v. Moncada, 127 Tex. 453, 456, 94 S.W.2d 123; Schumacher Co. v. Shooter, 132 Tex. 560, 564, 124 S.W.2d 857.

It is urged that deceased knew that before the truck reached Atlanta, or its destination, it must cross the defendant's railroad track. This is true. It is contended that plaintiff cannot recover because the deceased knew that at the railroad track there would be a "peculiar danger." We think defendant's railroad track was not shown to be a "peculiar danger" within the meaning of said term, as used in the Lucas case and other Texas cases. However, if it be assumed that it is, still said rule does not preclude recovery by plaintiff. There was no evidence showing or tending to show that Dick Harper had any reason to believe that the driver of the truck if unaided by him would fail to perceive such danger. The evidence shows the driver was as familiar with the railroad crossing as deceased. We find from the evidence no exceptional circumstance which prohibited this 20 year old negro boy from being entitled to trust the vigilance and skill of his mature, experienced white driver. As heretofore stated, deceased did not know and had no reason to believe either from past experience or from the manner in which Mays was driving the truck on this particular trip that Mays was likely to be inattentive or careless. Mays was in charge of the truck; Dick Harper had no control of the truck, nor did he have any right to control either it or the driver. Moreover, Mays was a white man and Harper, a Texas negro. Under the circumstances Dick Harper was not shown to be guilty of negligence as a matter of law in going to sleep in the truck. We are also of the opinion that it is not conclusively shown that Mays was guilty of negligence.

We think plaintiff's evidence brings the deceased clearly within the general rule heretofore quoted.

The judgment is reversed and the cause remanded.