### GULF, C. & S. F. RY. CO. v. JONES et al.
### No. 2708.

Court of Civil Appeals of Texas. Eastland.
April 29, 1949.

Rehearing Denied June 3, 1949.

Second Motion for Rehearing Overruled
July 8, 1949.

Mays, Perkins & Sheridan, Sweetwater, for appellant.

Chas. L. Nunn, Sweetwater, Carl M. Anderson, Sweetwater, Turner & Seaberry, Eastland, for appellees.

LONG, Justice.

Plaintiff Bert Jones sued defendants, the Gulf, Colorado and Santa Fe Railway Company and Harp's Yellow Cab Company for damages on account of injuries suffered by his wife who was riding as a passenger in a taxi cab owned by the defendant Harp which was struck by the railway company's train at a crossing of the railroad track with a public street in the City of Sweetwater. The jury, in answer to special issues, found that the employees of the railway company who operated the train were negligent in several particulars and that each of such negligent acts was a proximate cause of the injury to Mrs. Jones. The jury acquitted Harp of negligence and Jones of contributory negligence. Based upon the findings of the jury, judgment was entered in favor of plaintiff against the railway company and in favor of Harp, from which judgment the railway company has appealed.

The railway company assigns as error the failure of the trial court to submit requested special issues upon two phases of the case: (1) the alleged contributory negligence of Mr. and Mrs. Jones with reference to their failure to keep a proper lookout for the train and to listen for the bell and whistle of the train; (2) the alleged contributory negligence of the taxi cab driver in failing to reduce the speed and in failing to stop his car prior to the accident.

The railway company requested the court to submit to the jury special issues inquiring whether Jones and his wife were negligent in either failing to keep a proper lookout or to listen for trains as the taxi cab approached the crossing in question. We will discuss only those issues as applied to the plaintiff Jones for the reason that the same rules of law are applicable to Mrs. Jones.

The record discloses that on the night of May 23, 1947, Jones and his wife and two children were fare paying passengers in a taxi cab belonging to Harp. They were seated on the back seat of the taxi cab and the driver of the cab was alone on the front seat. The railway company was pushing or backing fourteen cars across a public street when the collision occurred about 11:00 o'clock on that night. Appellees take the position that the evidence is not sufficient to raise an issue on the failure of Jones to keep a proper lookout. In other words, they say that there was no duty on the part of Jones to keep a lookout under the facts and circumstances in this case.

We have carefully examined the authorities cited by all parties and have concluded that the court properly refused to submit such issue. In the case of Harper v. Texas & P. Ry. Co., Tex.Civ.App., 146 S.W.2d 426, 427 (writ ref.), Judge Grissom, in delivering the opinion of the court, said:

"The Supreme Court, in an opinion by Judge Smedley, in Edmiston v. Texas & N. O. Ry. Co., 135 Tex. 67, 138 S.W.2d 526, 529, announced the rule applicable to the question presented as follows:

" 'The rules with respect to the duty of one riding as a guest in an automobile to keep a lookout have been stated and applied in several cases, some of which are: Davis v. Pettitt, Tex.Com.App., 258 S.W. 1046; Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474; Garcia v. Moncada, 127 Tex. 453, 94 S.W.2d 123; Schumacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857; International-Great Northern R. Co. v. Lucas, Tex.Civ.App., 123 S.W.2d 760, application for writ of error refused. The substance of the rules announced by these decisions is briefly stated as follows: While

the duty of the guest is measured by the same standard as that of the driver, which is that he is bound to use reasonable care, the care which a person of ordinary prudence would use under like circumstances, the conduct required by the standard is generally very different. The driver is in charge of the automobile and the law imposes upon him the duty when driving on a public highway or street to use care constantly in keeping a lookout. Southland-Greyhound Lines, Inc., v. Richardson, 126 Tex. 118, 124, 86 S.W.2d 731. The guest, however, not being in charge of the operation of the automobile, is not required constantly to keep a lookout. Ordinarily he may reasonably and lawfully rely on the driver to keep watch.

" 'Associate Justice Funderburk, writing the opinion in International-Great Northern R. Co. v. Lucas, Tex.Civ.App., 123 S.W.2d 760, 764, in which application for writ of error was refused, quoted with approval the following paragraph from the Testament of the Law of Torts (vol. 2, pp. 1282, 1283, section 495), which, in our opinion, is a correct declaration of the rule established by the decisions in this state as to the amount of care required of a guest in an automobile: "Save in exceptional situations, a guest or passenger in a vehicle is not required to keep a constant lookout or to see to it that he shall be in a condition to do so. Thus, a plaintiff riding in the front seat may take his attention off the road to look at the scenery or may turn around to speak to a friend in the back or he may go to sleep or read a book without being guilty of contributory negligence if the driver commits some negligent act which the plaintiff, had he been on the alert, might have had the opportunity to prevent. However, if the plaintiff knows that at a particular point there will be a peculiar danger, which he has no reason to believe that the driver if unaided will perceive, the plaintiff may be guilty of negligence if he does not keep himself in a position to call the danger to the attention of the driver. Save under such exceptional circumstances, a plaintiff is entitled to trust the vigilance and skill of his driver unless he knows from past experience or from the manner in

which the car is being driven on the particular trip, that the driver is likely to be inattentive or careless".'"

We find no evidence in the record showing the existence of exceptional circumstances which would impose upon Mr. Jones the duty to keep a lookout or which should have caused him to know or believe that he ought not to trust the vigilance of the driver. There was no evidence of any improper driving, carelessness or other misconduct on the part of the taxi cab driver. It is true the jury found that the crossing involved was extra hazardous and dangerous and that Jones knew the crossing and the situation existing and had known the same for many years, but it is conclusively established that the driver of the taxi cab had lived in Sweetwater for a number of years and had been driving a cab for this same company for more than three years; that he had never prior thereto, while driving a taxi cab, been involved in an accident. In fact, it is conclusively established that he knew as much or more about the crossing as Jones knew.

■ ■ There is nothing in the record to indicate that Mr. Jones was under any duty to direct the taxi cab or its driver on the occasion in question. Furthermore, there is no showing that Mr. Jones knew the taxi cab driver did not see the train and perceive the danger or that he knew the driver was unskilled or in any way negligent. To the contrary, the evidence shows that the taxi cab driver was a skillful driver and that he and Jones saw the oncoming train about the same time. What has been said above is accordingly applicable to the issues requested with reference to Mrs. Jones failing to keep a proper lookout and other issues requested as to both Mr. and Mrs. Jones as to whether they were negligent in failing to listen for the ringing of the bell and the sounding of the whistle on the train. See Texas Interurban R. R. Co. v. Hughes, Tex.Civ.App., 34 S.W.2d 1103 (writ ref.); Garcia v. Moncada, 127 Tex. 453, 94 S.W.2d 123; Schuhmacher Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857; Harrison v. Southwest Coaches, Tex.Civ. App., 207 S.W.2d 159; San Antonio Transit Co. v. McCurry, Tex.Civ.App., 212 S.W.

2d 645; Edmiston v. Texas & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526.

The court refused to submit the following special issues requested by the railway company:

"Special Issue No. Seven A

"(a) Do you find from a preponderance of the evidence that the driver of said taxi cab reduced the speed of the taxi cab as he approached said crossing; and, just before reaching said crossing, suddenly accelerated and increased the speed of the same and thereby drove said cab immediately in front of said train? Answer 'Yes' or 'No.' Answer ——

"If you answer the preceding question 'Yes', then answer the following question; but, if you answer it 'No', then you need not answer the following question.

"(b) Do you find from a preponderance of the evidence that the act of said taxi cab driver in reducing the speed of the taxi cab as he approached said crossing, and then, just before reaching said crossing, suddenly increasing the speed thereof, was not the sole proximate cause of said collision between said taxi cab and the train of defendant railway company? Answer 'Yes' or 'No.' Answer ——

\* \* \* \* \* \*

"Special Issue No. One A

"(a) Do you find from a preponderance of the evidence that the driver of the taxi cab could have discovered said approaching box cars in time to have stopped his taxi cab before reaching said crossing, had he stopped the same in close proximity thereto and looked in the direction of said approaching box cars? Answer 'Yes' or 'No.' ——

"If you answer the preceding question 'Yes', then answer the following question; but if you answer it 'No', then you need not answer the following question:

"(b) Do you find from a preponderance of the evidence that such failure was not the sole proximate cause of the collision between said taxi cab and the train of the defendant railway company? Answer 'Yes' or 'No.' Answer: ——."

■ Under Rule 279, Rules of Civil Procedure, the court is under the duty to

submit the controlling issues raised by the pleadings and the evidence but is not required to submit various phases or different shades of the issues submitted. It is undisputed that the cab driver reduced the speed of his taxi cab as he approached the crossing. The court submitted an issue inquiring whether the taxi cab driver was negligent in suddenly accelerating and swerving his taxi cab to the right immediately preceding the collision. It being undisputed that the taxi cab driver reduced the speed of his taxi cab as he approached the crossing and the court having submitted an issue as to whether the taxi cab driver was negligent in suddenly accelerating and swerving his taxi cab to the right, the court did not err in refusing the issue requested. The issue submitted included the one requested. The court also submitted an issue as to whether the taxi cab driver was negligent in failing to bring his cab to a stop immediately before the collision. It is our belief that the court fairly submitted all of the ultimate issues pertaining to the defense of contributory negligence on the part of the taxi cab driver. The jury found in answer to these issues (a) that the taxi cab driver kept a proper lookout on the occasion in question; (b) that the taxi cab driver listened for approaching trains as he approached the crossing; (c) that the taxi cab driver was not negligent in suddenly accelerating and swerving the taxi cab to the right immediately prior to the collision; (d) that the taxi cab driver's failure to bring his taxi cab to a stop was not negligence. The issues requested were included in the issues submitted and if the court had submitted the requested issues he would have been submitting different shades of the same issues covered in the main charge. Furthermore, requested issue No. 1 is not clear in that under (b) the jury is required to find whether "such failure was not the sole proximate cause of the collision" whereas, the word "failure" or "failed" does not appear in subdivisions (a) of such requested issue. In other words, there is no way to determine what failure

is referred to in subdivision (b). The issue not being in a substantially correct form, the court was not required to give it. Rule 279, R.C.P; Northeast Texas Motor Lines, Inc. v. Hodges, 138 Tex. 280, 158 S.W.2d, 487; Schuhmacher Co. v. Holcomb, 142 Tex. 332, 177 S.W.2d 951.

We have carefully examined all points presented by the defendant railway company and conclude error is not shown in any of them.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

■ We agree with the contention of appellant that the act of a third party that was the sole proximate cause of a collision is a complete defense regardless of whether such third party was negligent. Any statement in our original opinion to the contrary is withdrawn. We are, however, of the opinion that the court did not err in refusing the issues in the form in which they were requested.

■■ The evidence relative to requested Issue No. Seven A(a) was undisputed. For this reason it would have been error for the court to have given the issue. The court should never submit an issue where the evidence relative thereto is all one way. Speer's Special Issues, Sec. 163, 429, 456. Issue Seven A(b) was requested on the same paper. Appellant requested that it be submitted so that an answer thereto was conditioned upon an affirmative answer being made to Issue Seven A(a). Issue Seven A(a) being properly refused, the court did not err in refusing to submit Issue Seven A(b).

■ Requested Special Issue No. One A was not affirmatively plead by appellant and for this reason the court properly refused its submission. Rule 279, Rules of Civil Procedure.

We have examined the motion for rehearing and it is our opinion that the same should be overruled.