Ester GALVAN et al., Appellants,

v.

J. W. SISK, Appellee.

No. 8496.

Court of Civil Appeals of Texas, Amarillo.

Aug. 18, 1975.

H. B. Virgil Crawford Law Offices, G. Dwayne Pruitt, Brownfield, for appellants.

Crenshaw, Dupree & Milam, Max C. Addison, Lubbock, for appellee.

ROBINSON, Justice.

Plaintiff Ester Galvan brought suit, individually and as guardian and next friend of her minor children, for the death of her husband growing out of a collision between his station wagon and an automobile driven by Garland Avery Sisk in which Sisk's father, J. W. Sisk, was a passenger. Plaintiff sued both driver and passenger alleging that the Sisks were engaged in a joint venture and alleging negligence on the part of both defendants. Plaintiff appeals from an order granting summary judgment for the passenger, J. W. Sisk, and severing the cause as to him. Affirmed.

The deposition testimony of Garland and J. W. Sisk is the only summary judgment evidence of the circumstances leading to the collision.

At the time of the collision Garland Sisk was driving his own automobile taking his father, J. W. Sisk, from Colorado City Lake where his father was his guest to his father's home in Levelland. J. W. Sisk had been in poor health and did not feel well enough to drive. He told his son that if he would drive him home he would pay for the gas. He gave him $5.00 for gas before they left the lake. Garland Sisk's wife, accompanied by his mother, followed, driving his father's automobile. On the way they stopped to visit Garland's brother for about an hour in Lamesa. The depositions show that Garland had one or two twelve-ounce beers before they left the lake and one in Lamesa.

The collision occurred at about 5:00 p. m. at Brownfield. Garland Sisk had been driving approximately 30 mph. travelling northeast on a service road parallel to a heavily travelled four-lane highway. At an inter-

section he turned to cross the highway to go to a service station. As he started across the highway, his left front fender and bumper collided with the right side of the Galvan station wagon which was travelling northeast on the highway in the outside lane next to the service road from which Sisk was turning. The impact was not severe, but after the impact the Galvan station wagon veered to the right, hit the median between the highway and the service road and turned over.

By filing its motion for summary judgment, defendant assumed the burden of establishing as a matter of law by summary judgment proof that there was no genuine issue of material fact concerning at least one essential element of plaintiff's cause of action. Rule 166–A, Texas Rules of Civil Procedure; *Gaddis v. Smith*, 417 S.W.2d 577, 582 (Tex.1967). If the testimony of an interested witness is to establish a fact as a matter of law, it must be clear, direct, and positive and there must be no circumstances in evidence tending to discredit or impeach it. *Swilley v. Hughes*, 488 S.W.2d 64 (Tex.1972). The general rule is stated in *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972), as follows:

> "The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true."

In the case before us we find that the summary judgment evidence establishes as a matter of law that the Sisks were not engaged in a joint venture whereby negligence of the driver could be imputed to the passenger. A joint venture exists only where a driver and an occupant of an automobile have not only a joint interest and purpose in the trip but also an equal right express or implied to direct and control the conduct of each other in the operation of

the conveyance. *Bonney v. San Antonio Transit Co.*, 160 Tex. 11, 325 S.W.2d 117, 119 (1959).

The deposition evidence shows that J. W. Sisk did not have the right to direct and control the conduct of Garland Sisk in the operation of Garland Sisk's automobile. There is no evidence that Garland Sisk relinquished any part of his exclusive right to control his own automobile. Such a relinquishment cannot be inferred from the agreement to share operating costs of the vehicle by paying for the gas. *Bonney v. San Antonio Transit Co.*, supra.

We overrule plaintiff's further contention, made in her brief, that a master-servant relationship existed between father and son. For a person to be charged with the negligence of another as master he must have the power to control not only what shall be done, but also the details of its performance. 38 Tex.Jur.2d § 241, p. 493; *American National Ins. Co. v. Denke*, 128 Tex. 229, 95 S.W.2d 370 (1936); *Graham v. McCord*, 384 S.W.2d 897 (Tex.Civ.App.—San Antonio 1964, no writ).

By her petition plaintiff contends that J. W. Sisk, himself, was negligent in failing to warn Garland Sisk of the approach of the Galvan vehicle. By her motion in opposition to the motion for summary judgment, she contends that he had the duty to watch, warn, direct, and prevent negligent acts.

While the duty of the passenger is measured by the same standard as that of the driver, requiring the exercise of reasonable care, the conduct required by that standard is very different. The driver is in charge of the automobile and the law imposes on him the duty to use care in keeping a lookout. The guest, however, is not in control of the automobile and is not ordinarily required to keep a lookout. He may take his attention from the road, or go to sleep, or read a book without being negligent. However, if the passenger knows that there will be some peculiar danger that he has some reason to believe that the

driver will not perceive unaided, he may be guilty of negligence if he does not keep himself in position to call the danger to the attention of the driver. Likewise, he is not required to call the attention of the driver to excessive speed unless the speed is so great that a reasonable man would recognize its excessive character. *Edmiston v. Texas & N.O.R. Co.*, 135 Tex. 67, 138 S.W.2d 526 (1940); *Schumacher Co. v. Shooter*, 132 Tex. 560, 124 S.W.2d 857 (1939); *Dudley v. Whatley*, 400 S.W.2d 773 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.).

In the case before us the depositions show that Garland Sisk had travelled the road before. It was a clear day. His car was in good condition. Garland Sisk was not speeding. J. W. Sisk had seen nothing to alarm him about his son's driving. J. W. Sisk was not advising or directing the driving in any way. J. W. Sisk did not look back the way they had come. He did not see the Galvan vehicle until immediately before the collision.

The summary judgment evidence clearly and without dispute negatives the existence of exceptional circumstances resulting in a duty on the part of the passenger to keep a lookout or to warn of the approach of the Galvan station wagon.

Plaintiff relies on *Brister v. Lasiter*, 444 S.W.2d 331 (Tex.Civ.App.—El Paso 1969, writ ref'd n. r. e.). The facts in the case before us are quite unlike those in Brister. There the passengers had undertaken to direct the driver, knew of the dangerous intersection and the need for caution, and knew that the driver was unfamiliar with the road.

We overrule appellant's point of error. The judgment of the trial court is affirmed.