**TEXAS CITY TERMINAL CO. v. SHOWAL-
TER. (No. 8397.)**

(Court of Civil Appeals of Texas. Galveston.
Dec. 20, 1923.)

1. **Pleading &#9114;380 — Admission of testimony
not justified by pleadings, erroneous.**

The admission of testimony not justified by
the pleadings is erroneous.

2. **Appeal and error &#9114;1039(13)—Erroneous
admission of testimony harmless, where jury
based judgment solely on other evidence.**

The admission of testimony not justified by
the pleadings, where judgment is based solely
on other evidence, is harmless.

3. **Railroads &#9114;348(1)—Evidence held insuffi-
cient to sustain finding of negligence in op-
erating motorcar striking automobile.**

In an action for injuries in collision between
an automobile and a motorcar operated on de-
fendant's railway track, evidence *held* not to
sustain jury's finding that the motorcar opera-
tive failed to use proper care to observe the
approach of the automobile and that such fail-
ure was the proximate cause of plaintiff's in-
juries.

4. **Appeal and error &#9114;1003—Judgment not re-
versed for evidence, which, if believed by ju-
ry, would support different finding.**

A judgment will not be reversed on the
ground that there was evidence, which would,
if believed by the jury, have supported a dif-
ferent finding.

5. **Railroads &#9114;350(21) — Refusal to submit
negligence of guest riding in automobile er-
roneous.**

Refusal to submit to the jury the question
whether plaintiff, a guest riding in an auto-
mobile driven over a street crossing, looked
and listened and used other means to discover
the approach of defendant's motorcar, *held* er-
roneous where there was evidence raising the
issue, such guest being under duty to look and
listen.

Error from District Court, Galveston
County; J. C. Canty, Judge.

Suit by Joseph L. Showalter against the
Texas City Terminal Company. From a
judgment for plaintiff, defendant brings er-
ror. Reversed and remanded.

W. T. Armstrong and W. E. Cranford,
both of Galveston, for plaintiff in error.

Marsene Johnson, Elmo Johnson, Roy
Johnson, and Marsene Johnson, Jr., all of
Galveston, for defendant in error.

LANE, J. This suit was instituted by Jos-
eph L. Showalter, who will be hereinafter re-
ferred to as plaintiff or appellee, against the
Texas City Terminal Company, who will be
referred to as defendant or appellant, to re-
cover damages for personal injuries, doctors'
and medicine bills, and nurse hire, alleged to
be of a total sum of $10,000.

On the 10th day of July, 1920, plaintiff was
riding in an automobile driven by his broth-
er, Hugh Showalter, along a street in the
town of Texas City, and, as the automobile
reached a point in said street where the rail-
way track of defendant crosses said street, a
motorcar, sometimes called a "motorbus,"
owned and operated by defendant over said
railway track by means of a motor engine,
collided with the automobile in which said
parties were riding, which resulted in the in-
jury complained of by plaintiff. Plaintiff al-
leged that said collision was caused by the
negligence of the defendant in the following
particulars:

"(a) That the passenger car operated by de-
fendant at the time and place alleged was not
equipped with such a warning bell as is re-
quired by the statutes and laws of the state
of Texas, and was not provided with a steam
whistle, or any whistle at all, and that all of
which negligent acts and omissions were in vio-
lation of the laws of Texas, and constitutes
and is negligence per se, which renders defend-
ant liable for all the personal injuries and
damages sustained by plaintiff as hereinbefore
and hereinafter set out and pleaded.

"(b) That the employee of the defendant in
charge of said motor passenger car negligently
failed to keep a proper lookout as he ap-
proached the crossing where said collision oc-
curred.

"(c) That the employee of the said defend-
ant in charge of said motor passenger car neg-
ligently failed to sound or blow any signal of
warning to plaintiff and other persons as said
motor passenger car approached the said
crossing.

"(d) That the employee of the defendant in
charge of said motor passenger car was oper-
ating same in a fast and reckless manner.

"(e) That the employee of the defendant in
charge of said motor passenger car saw the
automobile in which plaintiff was riding as same
approached said crossing in time to have stop-
ped said motorcar and in time to have avoided
said collision, and attempted to do so by the
appliances furnished him by defendant, but that
the brake would not work because same was
worn out and defective, and that the failure
of defendant to furnish good and sufficient
brakes and appliances for stopping said car in
said emergency as outlined, was negligence.

"(f) That the brakes and other appliances
on said motor passenger car were old, worn
out, and out of repair, and would not work, by
reason of which defendant's servants operating
said car could not stop said car of defendant,
even after the peril of plaintiff became known
and visible to defendant's said employees.

"And that all of the above acts and omis-
sions of defendant constituted negligence, and
that said negligence was the proximate cause
of the personal bodily injuries by this plaintiff
sustained."

He alleged that by reason of said collision
he sustained severe, permanent, and painful
injuries to his face, head, neck, arms, shoul-
ders, back, spine, knees, and limbs; that be-
fore his injuries he was earning $200 per
month, and that since then he has not been

able to perform any work, and avers and believes that it will be many months before he will be able to perform any kind of work, and that he will never be able to perform work at his regular occupation, nor to earn his regular wage of $200 per month; that his earning capacity has been, by reason of said injuries, diminished and lessened; "that by reason of said injuries he had been compelled to employ a physician and nurse and purchase medicine, and that he had obligated himself to pay his physician and nurse the reasonable value of his said services;" that by reason of the mental and physical pain and suffering which he had suffered by reason of said injuries, his diminished capacity to earn money, "his loss of blood, his permament disfiguration, his permanent weakened knee and limb, his doctor's and nurse's bills, costs of medicine," he has suffered and sustained actual damages in the sum of $10,000, for which he prays judgment.

The defendant answered by general demurrer and 20 special exceptions to the plaintiff's petition, but as the transcript discloses no ruling upon them we shall treat them as having been waived, and will make no further mention of them. Answering further, defendant denied generally the allegations of plaintiff's petition, specially pleaded contributory negligence on the part of plaintiff and the driver of the automobile in which they were riding at the time of the collision, in that said automobile was, at such time, being driven at a reckless and high rate of speed within the city limits of the city of Texas City, which said speed was more than 18 miles per hour, and in violation of law; that said parties approached said railway track and entered thereupon without looking or listening for the approaching motorcar; that both occupants of said automobile were drunk at the time of the accident, and that by reason thereof they failed to see the approach of said motorcar, which was unobstructed and could have been seen and heard by said parties had they looked or listened for same.

The cause was tried before a jury, to whom the following questions were submitted, and to which said questions the jury answered as indicated:

"Special Issue No. 1. Were, or were not, the injuries to Joseph L. Showalter caused by the joint negligence of Hugh A. Showalter and the Texas City Terminal Company? Answer: They were.

"Special Issue No. 2. Ascertain and determine from the evidence whether or not the defendant's servant operating defendant's motorbus car, just prior to the collision, used such care and kept such a lookout and observation for the approach of vehicles which might be approaching said public crossing and might desire to cross over same, as an ordinarily prudent person would have used under the same or similar circumstances in approaching said crossing where the collision occurred? Answer: No.

"Special Issue No. 3. If you have answered the above special issue No. 2 in the negative, that is, 'No,' but not otherwise, then answer: Was such failure, if any, negligence? Answer: Yes.

"Special Issue No. 4. If you answer the above special issue No. 3 in the affirmative, that is, 'Yes,' then answer: Was such negligence, if any, the proximate cause of the injuries by plaintiff sustained, if any? Answer: Yes.

"Special Issue No. 5. Ascertain and determine from the evidence whether or not the appliances for stopping the motorbus car of the defendant were sufficient to stop the car after defendant's operator discovered the peril of the collision with the automobile in which plaintiff was riding? Answer: No.

"Special Issue No. 6. If you have answered the foregoing special issue No. 5 in the negative, that is, 'No,' but not otherwise, then you will answer: Was such failure negligence? Answer: Yes.

"Special Issue No. 7. If you have answered special issue No. 6 in the affirmative, that is, 'Yes,' but not otherwise, then you will answer: Was such negligence the proximate cause of the injuries by plaintiff sustained, if any? Answer: Yes.

"Special Issue No. 8. Ascertain and determine from the evidence whether or not H. M. Showalter operating his automobile, just prior to the collision, used such care and kept such a lookout and observation for the approach of the motorcar which might be approaching said public crossing and might desire to cross over same, as an ordinarily prudent person would have used under the same or similar circumstances in approaching said crossing where the collision occurred? Answer: No.

"Special Issue No. 9. If you have answered special issue No. 8 in the negative, that is, 'No,' but not otherwise, then answer: Was such failure, if any, negligence? Answer: Yes.

"Special Issue No. 10. If you answer special issue No. 9 in the affirmative, that is, 'Yes,' then answer: Was such negligence, if any, the proximate cause of the injuries by plaintiff sustained, if any? Answer: Yes.

"Special Issue No. 11. Was, or was not, the failure of the defendant to have the motorbus car equipped with a whistle the proximate cause of the injuries to plaintiff? Answer: It was not.

"Special Issue No. 12. Was, or was not, the failure of the operative of the motorbus car of the defendant to ring the bell continuously a distance of 80 rods from the crossing at which the collision took place the proximate cause of the injuries to plaintiff? Answer: It was not."

The court also instructed the jury that in stating the amount of damages they should state separately:

"(a) The amount with reference to personal injury; (b) medical expenses; (c) nursing."

The answer of the jury to such instruction was as follows: (a) $2,000; (b) $50; and (c) $50. The court rendered judgment for the plaintiff for the sum of $2,100, and from which judgment the defendant has appealed.

Appellant insists that the judgment should be reversed and the cause remanded for the following reasons:

On cross-examination E. H. Shaw, the driver of appellant's motorcar, was asked by counsel for appellee if it were not a fact that said motorcar had no sand sprinkler, and if it was not a rule on railroad locomotives to have sand sprinklers and to use them when the wheels slipped. And he was also asked by said counsel if it was not a fact that said car had no fireman or assistant on it to keep a lookout, to apply the brakes, or to ring the bell as said car approached the street crossing. Counsel for appellant objected to the witness answering such questions upon the ground that there were no allegations in the plaintiff's petition that appellant was guilty of negligence for not having a sand sprinkler on its motorcar, and in not having a fireman or assistant thereon. In other words, that there were no pleadings authorizing the admission of said answers.

The court overruled said objections of appellant's counsel, and permitted the witness to testify that said motorcar had no sand sprinkler on it; that it had no fireman or assistant on 'it to ring the bell or apply the brakes; and that railroad locomotives were usually equipped with a sand sprinkler, and that it was the general rule of railroad companies to have a fireman on a locomotive to ring the bell, etc. Appellant assigns the action of the court in admitting said testimony of the witness Shaw as reversible error.

[1, 2] That there was no pleading to justify the admission of the testimony complained of is admitted on appeal by appellee. That such testimony was inadmissible, and that its admission was error, is too clear to be a debatable question. We cannot conceive why either the trial court or learned counsel for the appellee thought it was admissible, but as the issues sought to be raised by said testimony were not submitted to the jury, and as the jury found, upon a proper submission of the question as to whether appellant was guilty of negligence in not having its motorcar equipped with sufficient brakes, that said car was not so equipped and that the failure to so equip the same was the proximate cause of the accident, we must presume that the judgment was based on the act of negligence found to exist by the jury and that it was not based upon acts of negligence not pleaded and which were not submitted to the jury as issues in the cause; and so presuming, we hold that notwithstanding the admission of the testimony was error, it was harmless error and should constitute no cause for a reversal of the judgment.

[3] We agree with the contention of appellant that there was no evidence to support the finding of the jury that the operative of the motorcar failed to use proper care to observe the approach of the automobile in which appellee was riding, and that such failure was the proximate cause of plaintiff's injuries. The undisputed evidence shows that such operative saw the automobile approaching the point of collision for a half mile or more before it reached said point, and saw its continued approach until the collision occurred.

By the fifth proposition it is contended that the evidence relative to the issue as to the negligence of appellant to equip its motorcar with sufficient brakes is insufficient to call for the submission of that issue to the jury, and that it was insufficient to support the finding of the jury that said car was insufficiently equipped with brakes.

[4] We do not think this contention should be sustained. While the evidence on such issue was conflicting, there was, we think, sufficient evidence to support the finding of the jury on that issue, and this court will not reverse the judgment of the trial court upon the ground that there was evidence which would, if believed by the jury, have supported a different finding. Since, then, there was evidence to support the finding of the jury that appellant was negligent in not properly equipping its motorcar with brakes, and that such negligence was the proximate cause of the collision which resulted in appellee's injuries, the judgment should be affirmed, unless the same should be reversed upon other grounds urged by appellant.

We have heretofore set out the special issues submitted to the jury by the court and the answers of the jury to such issues. It is made to appear thereby that the court submitted to the jury the question as to whether or not H. M. Showalter, the driver of the automobile, used such care as an ordinarily prudent person would have used, under the same or similar circumstances, to discover the approach of the motorcar so as to prevent the accident, and the jury answered that no such care was used. And in answer to special issues Nos. 8 and 9 the jury found such failure on the part of H. M. Showalter was negligence, and that such negligence was the proximate cause of plaintiff's injury.

[5] The court did not submit to the jury the question as to whether or not the plaintiff, upon approaching the point of the collision, looked or listened or used other means to discover the approach of the motorcar. Taking notice of such omission on the part of the court to submit such question, counsel for appellant requested the court to submit the following charge:

"First. Did the plaintiff, upon approaching the crossing where the collision occurred, look and listen, or take any precaution to discover the approach of defendant's motorcar? Answer 'Yes' or 'No.'

"In the event you answer the foregoing in the affirmative, * * * and only then, then answer:

"Second. Could the plaintiff, by so doing, have discovered the approach of defendant's motorcar to the crossing where the collision

occurred in time to avoid the collision? Answer 'Yes' or 'No.' "

· This requested charge was refused and appellant has assigned such refusal as reversible error.

Appellant admits that the negligence of H. M. Showalter, the driver, is not imputable to the plaintiff, but it insists that though the negligence of the driver of the automobile is not imputable to plaintiff—he being a guest and not in control of the automobile—nevertheless, he was under the duty to look and listen or take precautions for his own safety before allowing himself to be recklessly driven upon the railroad track at the street crossing in front of the approaching motorcar, and his failure, if any, to exercise ordinary care in this respect was an act of contributory negligence; that there was evidence raising this issue and therefore the court erred in not submitting the same as requested by the requested charge.

We think the court erred in not submitting the requested charge to the jury. There was, we think, sufficient evidence to raise the issue as to whether or not the plaintiff used such care to protect himself from the injuries suffered by him as a person of ordinary care and prudence would have used under the same or similar circumstances, and therefore the requested charge should have been given, because, if the jury had, in answer to said requested charge, found. that the plaintiff failed to look or listen or take any precaution to prevent the collision, and that such failure was negligence on his part and the proximate cause of the collision, such finding would have made it the duty of the court to render judgment for appellant.

For the reason last pointed out the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.