## WHISTLER v. FREEMAN.
### No. 9905.

Court of Civil Appeals of Texas. Galveston.
July 20, 1933.

Royston & Rayzor and Mart H. Royston, all of Galveston (Clarence Eastham, of Galveston, of counsel), for appellant.

LANE, Justice.

From the record filed in this case in this court it is made to appear that J. H. Freeman, not J. K. Freeman, brought this suit against Miss Vera Whistler to recover for personal injuries suffered by him in an automobile collision at an intersection of certain streets in the city of Houston, Tex. J. K. or J. H. Freeman was a guest passenger in an automobile being driven by Mrs. Jewell Freeman. Miss Vera Whistler was the driver of the other automobile involved in the collision resulting in the injuries suffered by the plaintiff.

Defendant answered by a general demurrer, general denial, and by specially alleging contributory negligence on the part of the plaintiff, and that the negligence of Mrs. Freeman, the driver of the car in which the plaintiff was riding, was the direct and proximate cause of the plaintiff's injuries.

The cause was tried before a jury upon special issues affirmatively submitting inquiries as to whether or not the defendant was guilty of the acts of negligence alleged in the plaintiff's petition, charged to have resulted in the plaintiff's injuries, and, if so, were such acts of negligence, or either of them, a proximate cause of the collision and of plaintiff's injuries?

The defendant requested the court to affirmatively submit the following inquiries to the jury:

First. Whether or not they find from a preponderance of the evidence that the driver of the car in which the plaintiff was riding did not maintain a proper lookout upon approaching or entering the street intersection at the time, place, and occasion in question, and, if so, did such failure, if any, constitute "negligence" as that term was defined, and the sole proximate cause of the collision and the plaintiff's injuries?

Second. Whether or not they find from a preponderance of the evidence that the driver of the car in which plaintiff was riding lost control of her car immediately preceding the collision and entering the street intersection, and, if so, was the failure to have control of said car at such time negligence, and the sole proximate cause of said collision and plaintiff's injuries?

Third. Whether or not they find from a preponderance of the evidence that the driver of said car operated the same at an excessive rate of speed at the time and place of the collision, and, if so, was the driving at such excessive rate of speed at such time and place negligence, and the sole proximate cause of the collision and the plaintiff's injuries?

Fourth. Whether or not they find from a preponderance of the evidence that the driver of the car in which plaintiff was riding failed to sound a proper warning upon approaching the intersection of the streets at the time and place of the collision, and, if so, was such failure negligence, and the sole proximate cause of such collision and the plaintiff's injuries?

Fifth. Whether or not they find from a preponderance of the evidence that plaintiff failed to maintain such lookout for his own safety as was reasonable and proper under the circumstances, and, if so, was such failure negligence, and a proximate cause of the collision and the plaintiff's injuries?

All such requested issues were refused by the court.

All the special issues submitted by the court were answered in the affirmative, and favorably to the plaintiff. The jury also found, in answer to the inquiry of the court, that $1,500 would fairly compensate the plaintiff for the injuries sustained by him.

Upon the verdict and findings of the jury judgment was rendered for J. K. Freeman against defendant for $1,500. From such judgment the defendant has appealed.

■ Appellant, for reversal of the judgment, contends that the court committed reversible error in refusing to submit to the jury her requested issues above stated. She

insists that each set of issues so requested, if found favorably to her, would constitute a complete defense and would require a judgment in her favor; that in refusing to submit such issues, she was deprived of the right to an affirmative finding by the jury on her defenses.

We think appellant's contention should be sustained. In Montrief & Montrief v. Bragg (Tex. Com. App.) 2 S.W.(2d) 276, 277, it is said:

"The rule in this state is settled that a defendant has the right to an affirmative presentation to the jury of any fact or group of facts relied on in his pleadings as a defense and raised by the evidence, which, if true, would establish such defense. * * *

"A complete answer to the contention that the findings of the jury rendered harmless the refusal to submit the special issues complained of is that the jury may not have so found under the affirmative presentation of the same to which plaintiffs in error were entitled."

In Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, 522, Justice Greenwood, speaking for our Supreme Court, held that where issues on contributory negligence were not separately presented to the jury, when requested, such omission constituted reversible error. In that case it is said: "Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved. The court submitted separately, as the statute required, each group of facts relied on by plaintiff in error, under her pleadings and the evidence, to constitute negligence on the part of defendant in error. The court, over the objection of defendant in error, refused to submit separately each group of facts relied on by defendant in error, under its pleadings and the evidence, to constitute contributory negligence on the part of Alexander Fox."

We think the testimony of the several witnesses who testified in the present case reveals that all issues requested by appellant were fairly raised. Texas City Terminal Co. v. Showalter (Tex. Civ. App.) 257 S. W. 621; Texas Mexican Ry. v. Hoy (Tex. Com. App.) 24 S.W.(2d) 18.

It may be suggested by appellee that the refusal to submit the special issues requested by appellant was not error, because there was no pleading to support the submission of such issues. Such suggestion however, if made, cannot be sustained.

In Horton & Horton v. House, 29 S.W.(2d) 984, 986, it was held by the Commission of Appeals that the court should have submitted the requested issues under the plea of general denial, saying: "In the case at bar the defendant, by interposing a general denial, and then introducing sufficient testimony to raise the issue, whether plaintiff's injuries and consequent damages were occasioned by the negligence of Mrs. Glass, and whether her negligence was the sole proximate cause of such injuries, became entitled to have a finding by the jury on each of these questions, for the reason that the testimony raised the issue whether Mrs. Glass' conduct was negligence, and whether this negligence was the sole proximate cause of the collision, and a favorable finding on such would be tantamount to a finding that all the material allegations in plaintiff's petition were not true, and therefore the plaintiff had failed to make out a case against the defendants."

For the reasons pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.