**C. E. LEATHERMAN**

v.

**Jesse STARKEY et al.**

No. 7138.

Court of Civil Appeals of Texas.

Amarillo.

March 26, 1962.

Rehearing Denied April 23, 1962.

Albert Smith, Lubbock, for appellant.

Stovall & Stovall, Floydada, for appellees.

NORTHCUTT, Justice.

This suit was instituted by Jesse Starkey, individually, and as next friend for his minor daughter, Mary Starkey, against C. E. Leatherman and Kenneth O'Neal for injuries sustained by Mary Starkey in a collision occurring in the city of Floydada on or about 10:00 P. M., July 2, 1960. Mary Starkey was injured when the automobile in which she was riding with Cecil Jackson ran into the rear end of a truck owned by C. E. Leatherman. The truck was parked next to the curb on Houston Street in Floydada. Houston Street is 51 feet and 4

inches wide. The truck was parked facing West on the right hand side of the street about 6 inches from the curb with the front of the tractor about 18 to 20 feet from the intersection. Mary was riding in the middle of the front seat with Cecil and was injured in the collision.

The case was submitted to the jury upon special issues. The jury found all issues in favor of Kenneth O'Neal and he will not be considered herein any further. Leatherman will hereafter be referred to as appellant and Jesse Starkey and Mary Starkey as appellees.

The jury found appellant's truck was equipped with portable reflectors; that appellant failed to place such reflectors to the rear and in front of his truck; and that such failure was negligence and a proximate cause of the collision in question; that appellant did not park his truck upon the paved portion of a public street when it was practical to park off the paved portion of said public street; that he parked his truck at night on a public street without leaving any lights burning thereon and that such failure was negligence and a proximate cause of the collision. The jury further found in answer to Special Issue Number 4 to the effect that appellant had reflectors on his truck that would give warning of the presence of said truck to a person of ordinary prudence approaching in another vehicle from the rear of said truck. Above are the issues determining the liability of appellant.

As to the actions of Cecil Jackson the jury found he failed to keep a proper lookout and that such failure was a proximate cause of the collision in question; that just prior to the collision in question Cecil was blinded by the lights of an oncoming automobile and by his action in driving his automobile while blinded by the lights of an oncoming automobile was a proximate cause of the collision in question. The jury found on the occasion in question Mary Starkey failed to keep a proper lookout and that such failure

was a proximate cause of the collision in question.

After receiving the verdict of the jury, the court entered judgment holding there was no evidence to raise such issues as to Mary Starkey and no evidence to sustain the verdict of the jury in answer to Special Issues 15A and 15B where the jury held Mary Starkey failed to keep a proper lookout and such failure was a proximate cause of the collision in question, and entered judgment that Jesse Starkey, individually, recover from Leatherman $1,746.00 and that Mary Starkey recover $10,000.00 from Leatherman. From this judgment appellant perfected this appeal.

Appellant's first three assignments of error concern the action of the trial court in holding there was no evidence to raise such issues and no evidence to sustain the verdict of the jury that Mary Starkey failed to keep a proper lookout and such failure was a proximate cause of the collision in question, and in granting judgment for the appellee and in not granting judgment upon the verdict in favor of appellant.

It has been repeatedly held in this state that, where a statute requires the doing of an act, or prohibits the doing thereof, the violation of such statute constitutes negligence as a matter of law. Clem Lumber Co. v. Fisher, Tex.Civ.App., 84 S.W.2d 282 (Writ refused) and the many cases there cited. Cecil Jackson did not have a drivers license at the time in question, consequently, he was negligent as a matter of law in driving the car at the time here in question. Although the jury found Cecil was not an incompetent driver and unsafe to operate an automobile on the highways and streets of Floydada, we think this record clearly shows to the contrary. It was held in the case of Williams v. Sargent, Tex.Civ.App., 255 S.W.2d 229, "the law requires Jerry to have an operator's license as proof of his competency. The plaintiffs were charged with notice, as a matter of law, of the danger of riding with Jerry Wil-

liams when he, admittedly and to their knowledge, was not qualified to drive an automobile." The Supreme Court affirmed that case, Sargent et al. v. Williams et al., 152 Tex. 413, 258 S.W.2d 787, and held as a matter of law the plaintiffs were negligent in permitting the children to ride with Jerry Williams and were not entitled to recover any damages caused by Jerry's negligence. Judge Griffin dissented in that case on the ground he thought there was a question of fact for the jury to determine. One difference in that case and this case is in that case the suit was against the father of the boy driving the car and here it is against Leatherman who had parked his truck on the street in Floydada. The privilege of driving a motor vehicle upon the public highways does not exist unless one has obtained a license to do so. Taylor v. State, 151 Tex.Cr.R. 568, 209 S.W.2d 191.

It is stated in the case of Texas Mexican Ry. Co. v. Hoy, 24 S.W.2d 18, by the Commission of Appeals as follows:

"Even though a person riding in an automobile driven by another is not chargeable with the driver's negligence, he is not absolved from the exercise of personal care for his own safety. He rests under the duty of exercising such care to avoid injury as would have been used under the attendant circumstances by an ordinarily prudent person. Texas City Terminal Co. v. Showalter (Tex.Civ.App.) 257 S.W. 621.

"While a guest is not ordinarily required to exercise the same quantum of care and caution as the driver of an automobile, yet, if he sits by without warning or protest, and knowingly permits himself to be driven carelessly to his injury, he should be held guilty of contributory negligence. Parramore v. Railway Co. (C.C.A.[10]) 5 F. (2d) 912."

The jury that both Cecil and Mary failed to keep a proper lookout and that such failure was a proximate cause of the collision in question. Some of the evidence which the jury did or could have found that Cecil and Mary failed to keep a proper lookout and such failure was a proximate cause was as follows: It was usual and customary for cars and trucks to park on Houston Street where Leatherman's truck was parked on the occasion in question; there were reflectors on the rear of the truck; there were lights shining on the truck; could see the truck as plain as day; several witnesses testified that they could see the truck and had no trouble seeing it; first saw the truck as he approached it from the East when he was approximately a block and a half away; Cecil and Mary approached the truck from the East; Cecil didn't see that good; soon after the accident Cecil was refused a license because he couldn't see sufficiently and had to have glasses before securing a license to drive. Mary and her father knew Cecil did not have a drivers license and knew he had had two accidents prior to the occasion in question. We are of the opinion there was sufficient evidence to sustain the jury's findings as to the negligence and proximate cause here in question.

The Supreme Court stated in the case of Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, as follows:

"Also, to sustain the action of the trial court in granting judgment non obstante veredicto, it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon. Whiteman v. Harris, Tex.Civ.App., 123 S.W.2d 699, writ refused; Warren v. Schawe, Tex.Civ.App., 163 S.W.2d 415, writ refused.

" 'It was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or to any part of the testimony of each witness. "The jury were the judges not only of the facts proved, but of

the inferences to be drawn therefrom, provided such inferences were not unreasonable." Stephenville, N. & S. T. Ry. Co. v. Shelton, Tex.Com.App., 208 S.W. 915, 916.' Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616, 618, (1–3); also 53 Am.Jur. 143, et seq., Trial, Secs. 158 and 159."

See also Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, by the Supreme Court where it is stated:

"The judgment of the Court of Civil Appeals in favor of Continental must be reversed if there is in the record before us evidence of probative value which, with the reasonable inferences therefrom, will support any one of the findings of proximate cause. Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497, 498. Moreover, we must approach a determination of the question in the light of our former admonition regarding questions of 'no evidence' that 'Appellate courts are without authority to set aside jury verdicts, particularly on questions of proximate cause in damage suits, upon conflicting facts—the undisputed facts must be ample and clear, and the circumstances most exceptional to justify such action.' Liberty Film Lines v. Porter, 136 Tex. 49, 146 S.W.2d 982, 983."

█ It is no less the duty of the passenger where he has the opportunity to do so than of the driver to learn of the danger and to avoid it if practicable. Langham v. Talbott, Tex.Civ.App., 211 S.W.2d 987 N.R.E., and the cases there cited. Mary Starkey was negligent, as found by the jury, in not keeping a proper lookout when the truck was plainly visible, as shown by evidence, and the jury was justified under the record in holding such failure was a proximate cause of the collision in question.

Since we are of the opinion that the trial court committed reversible error in setting aside the jury's findings upon Special Issue Numbers 15A and 15B on the ground that there was no evidence to raise such issue as to negligence and proximate cause as to Mary Starkey, and that the jury's findings and answers thereto had no support in the evidence, and thereby rendered judgment for Jesse Starkey and minor daughter, Mary Starkey, we will not pass upon appellant's other assignments of error.

In our opinion the court erred in sustaining the motion of Jesse Starkey, individually, and as next friend of his minor daughter, Mary Starkey, to set aside the finding of the jury in answer to Special Issues Numbers 15A and 15B and in granting Jesse Starkey judgment of $1,746.00 and Mary Starkey in the sum of $10,000.00. We think, and so hold, the trial court should have rendered judgment upon the verdict of the jury in favor of appellant. The case has been fully developed and nothing could be gained by another trial. The judgment of the trial court is therefore reversed and judgment is here rendered that the plaintiffs take nothing.

CHAPMAN, Justice (dissenting).

ON MOTION FOR REHEARING

A more careful study of this case following the motion for rehearing has caused me to believe that my brethren have gone astray in setting aside the trial court's judgment. Therefore, I respectfully dissent.

The original opinion has held, despite the jury's finding that Cecil Jackson was not an incompetent driver, that he was guilty of negligence as a matter of law because he did not have a driver's license thus making him an incompetent driver and creating an unusual situation or exceptional circumstances under which the guest was riding. The writer of the opinion cited Clem Lumber Co. v. Fisher et al., Tex. Civ.App., 84 S.W.2d 282, for authority on the holding. We find in reviewing that case that the holding was made in the dissenting

opinion rather than the opinion of the majority and that a writ was dismissed. We further find in reviewing the evidence that Mary Starkey, Jesse Starkey and Fred Jackson all testified in effect that in their opinion Cecil Jackson was a competent driver. Mary Starkey, the guest in the car, answered, "Yes, Sir" to questions asking her if Cecil was a very careful driver and if he would try to obey all of the rules and regulations with reference to the law of traffic safety.

Our courts have held that failure of a driver of an automobile to have a current driver's or operator's license does not, as a matter of law, make him liable for damages for personal injuries arising from the operation of his car,[1] and does not, as a matter of law, constitute a proximate cause of a collision,[2] and hence in effect make the driver under such circumstances an incompetent driver. It seems reasonable to say that one might have failed to apply for a driver's license, carelessly permitted his driver's license to expire; may have had it revoked for failure to report an accident or for failure to furnish proof of financial responsibility and still be a completely competent driver. Therefore, I believe the failure of Cecil Jackson to have a driver's license at the time of his collision did not, as a matter of law, constitute him an incompetent driver but that the jury had the right to weigh that fact along with the testimony that he was a competent driver and make the decision themselves, as they did in holding that he was not an incompetent driver. This court is without authority to hold otherwise in the face of probative evidence showing him to be a competent driver. Biggers et al. v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359 (Sup.Ct.).

I cannot agree from this record that Mary Starkey was under an obligation to keep a proper lookout while riding as a guest in an automobile with a driver she considered to be a very careful driver, one who tried to obey all the rules and regulations with reference to the rules of traffic safety, and one the jury found was not an incompetent driver. If there were proof of an unusual situation or of exceptional circumstances such as riding with an unusually fast driver, one the guest knew was under the influence of alcohol, one she knew from past experience was likely to be inattentive or careless in his driving, or if she knew that at some place they were going to be driving there would be a peculiar danger, which she had no reason to believe the driver if unaided would perceive, then there may have been sufficient evidence to go to the jury with respect to her failure to keep a proper lookout. There is no such probative evidence in this case and the error of the trial court lies in submitting the issue rather than disregarding the finding on the motion for judgment by appellees.

The majority opinion relies upon Texas Mexican Ry. Co. v. Hoy, 24 S.W.2d 18, on the question of proper lookout on the part of a guest riding in an automobile. A study of cases announced since that decision indicates that if that case may be considered as any authority at all on the question here under discussion it must be limited to its peculiar facts. The proper rules of law are announced by the Supreme Court in Schumacker Co. v. Shooter, 132 Tex. 560, 124 S.W.2d 857; Edmiston v. Texas & N. O. R. Co., 135 Tex. 67, 138 S.W.2d 526; and Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, and I believe require an affirmance of this case from the record made.

---

1. Langdean v. Pittman, Tex.Civ.App., 337 S.W.2d 343.

2. Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835 (Sup.Ct.).