

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 23, 1968

The Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. M-300

Re: Constitutionality of deletion of Sub-Sections (1), (2), and (3) from Texas Taxation-General Art. 20.01(T) by Texas Acts 60th Legislature, 1st Called Session, 1968, Chapter 2, Section 12 at 9.

Dear Mr. Calvert:

You have requested our opinion concerning the constitutionality of the deletion of Sub-Sections (1), (2), and (3) from Texas Taxation-General Article 20.01(T) (hereinafter referred to as the original act) by Texas Acts 60th Legislature, 1st Called Session, 1968, Chapter 2, Section 12 at 9 (hereinafter referred to as the amendment). It is the opinion of this office that the amendment, as it relates to the exclusion of Sub-Sections (1), (2), and (3) without proper notice in the title is invalid.

Section (T) of Article 20.01, Texas Taxation-General, prior to the 1968 amendment provided:

"Contractor or Repairman. 'Contractor' or 'Repairman' shall mean any person who performs any repair services upon tangible personal property or who performs any improvement upon real estate, and who, as a necessary and incidental part of performing such services, incorporates tangible personal property belonging to him into the property being so repaired or improved. Contractor or repairman shall be considered to be the consumer of such tangible personal property furnished by him and incorporated into the property of his customer, for all of the purposes of this Chapter.

-1457-

/‾The numbered sub-sections deleted from the 1968 amendment read as follows:‾_7

"(1)  The above provision shall apply only if the contract between the person performing the services and the person receiving them contains a lump sum price covering both the performance of the services and the furnishing of the necessary incidental material.

"(2)  If the contract between the person providing the services and the person receiving them contains separate amounts applicable to the performance of the services and the furnishing of the material then the above Section shall not apply, and the person furnishing the materials shall be liable for the limited sales tax upon the agreed price of the materials as thus set forth in the contract. Provided, however, that the agreed price of the materials shall not be less than the actual cost of such materials to the person so providing them.

"(3).  In any case where the person so providing such materials has paid the limited sales tax to his supplier when purchasing the tangible personal property, he shall be entitled to credit the tax so paid to his supplier against any tax imposed by this Chapter with respect to his subsequent sale of that tangible personal property."

The 1968 Amendment reads as follows:

"Sec. 12.  Section (T) of Article 20.01, Chapter 20, Title 122A, Taxation-General, Revised Civil Statutes of Texas, 1925, as amended, is amended to read as follows:

"20.01(T) Contractor or Repairman. 'Contractor or Repairman' shall mean any person who performs any repair services upon

tangible personal property or who performs
any improvement upon real estate and who,
as a necessary and incidental part of per-
forming such services, incorporates tangible
personal property belonging to him into the
property being so repaired or improved.
Contractor or repairman shall be considered
to be the consumer of such tangible personal
property furnished by him and incorporated
into the property of his customer, for all
the purposes of this Chapter.

"There are exempted from the computation
of the amount of taxes imposed by this Chapter,
the receipts from the sale, lease or rental of
any tangible personal property to, or the
storage, use or other consumption of tangible
personal property by any contractor for the
performance of a contract for the improvement
of realty for an exempt organization as
defined in Section 20.04(F) of this Chapter
or otherwise exempt from the taxes imposed
by this Chapter to the extent of the value of
the tangible personal property so used and/or
consumed in the performance of such contract.
Any such contractor may purchase, rent or
lease all materials, supplies, equipment and
other items incorporated into the project or
any such item used and/or consumed by the
contractor in performing said contract by
issuing to the retailer from whom the materials,
supplies, equipment or other items were pur-
chased, rented or leased an exemption certifi-
cate in lieu of any tax imposed by this Chapter."

Considerable doubt has been raised as to exactly what
the intent of the legislature was in amending Article 20.01(T);
that is, whether Section 12 of the Session Laws completely
replaced the original act or whether it merely added an
additional provision. Without a proper record or historical
note having been developed by the committee which passed
upon this section as well as the whole amendment, this
office is constrained to conclude that the true intention
of the Legislature was ambiguous. However, it is well
settled that a statute will be construed in such a manner

as to make all of its components effective and operative. See, e.g., Independent Life Insurance Company v. Work, 124 Tex. 281, 77 S.W.2d 1036 (1934); Robinson v. Varnell, 16 Tex. 382 (1856). Alternatively, this amendment could be regarded as merely an additional provision since repeals by implication are not favored and laws relating to the same subjects should be considered as though incorporated in the same act. Gordon v. Lake, 163 Tex. 392, 356 S.W.2d 183 (1962).

However, this leaves the enigma of the deletion of sub-sections one, two, and three from the original act. This deletion is of prime concern for among other things, it removes the previously existing exclusion afforded to parties who segregate the materials from the services performed in their contracts. Of course, such an action is within the province of the legislature so long as ample notice is given in the title pursuant to Texas Constitution, Article III, Section 35:

> "No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The Title of the amendment states:

> "An Act raising revenue for the operation of state government; amending Chapter 20, Title 122A, Taxation-General, Revised Civil Statutes of Texas, 1925, as amended, to increase the limited sales, excise and use tax, provide certain exemptions; and provide for the exclusion of certain transportation charges from the tax base under certain conditions; making temporary saving provisions for certain written contracts and bids; making the necessary conforming amendments to the

> Local Sales, Excise and Use Tax Act
> (Article 1066c, Vernon's Texas Civil
> Statutes); amending Chapter 6, Title 122A,
> Taxation-General, Revised Civil Statutes
> of Texas, 1925, as amended, to increase
> the sales and use tax on motor vehicles
> and to amend the definition of retail sale;
> amending Chapter 12, Title 122A, Taxation-
> General, Revised Civil Statutes of Texas,
> 1925, as amended, to increase the corporate
> franchise taxes; providing an effective
> date; and declaring an emergency." (Emphasis
> added.)

Even though the title of the amendment may refer to the new exemptive language added to Article 20.01(T) by the use of the words "provide certain exemptions"; the title is fatally defective to the extent it fails to mention the deletion of sub-sections one, two, and three from the original act, which are not termed exemptions but are separate exclusions from the coverage of the law. We find the following pertinent statement of the law to be as follows:

> "/A_7 title that expresses a
> purpose to change a prior law by add-
> ing or extending a provision or con-
> ferring a right does not warrant an
> amendment that omits . . . a provision
> of the original act or destroys a
> previously existing right." (Emphasis
> added and footnote deleted.) 53 Tex.Jur.2d
> Statutes, Section 61 at 112; see, e.g.,
> Ward Cattle & Pasture Company v. Carpenter,
> 109 Tex. 103, 200 S.W. 521 (1918); Lone Star
> Gas Company v. Birdwell, 74 S.W.2d 295 (Tex.
> Civ. App. 1934, no writ).

Furthermore, the title to an amendment must more strictly conform to the body than to the title of an original act (Praetorians v. State, 184 S.W.2d 299, aff'd. 143 Tex. 596, 186 S.W.2d 973 (1944) ), notwithstanding the rule that a liberal construction will be indulged to uphold the title of a legislative act. Harris County Fresh Water Supply District No. 55 v. Carr, 372 S.W.2d 523, 525 (Tex. Sup. Ct. 1963). The purposes of Article 3 Section 35 of the Constitution of Texas have been well stated as follows:

> "The purpose of the title-subject
> provision (of Texas Constitution Article 3,
> Section 35) is threefold:  First, it is
> designed to prevent log-rolling legislation,
> i.e., to prevent the writing of several
> subjects having no connection with each
> other in one bill for the purpose of combin-
> ing various interests in support of the whole.
> Second, it prevents surprise or fraud upon
> legislators by means of provisions in bills
> of which the titles give no intimation, and
> which might therefore be overlooked and
> carelessly and unintentionally adopted.
> Third, it permits the people to be fairly
> apprised of the subjects of legislation
> under consideration, so that they may have
> an opportunity of being heard, if they so
> desire."  Texas Constitution, Article 3,
> Section 35, interpretive commentary at 609
> (1955); see Shannon v. Rogers, 159 Tex. 29,
> 314 S.W.2d 810 (1958); Doeppenschmidt v.
> International & G. N. R. Company, 100 Tex. 532,
> 101 S.W. 1080, 1081 (1907).

Today these purposes especially pertaining to the
secondfold, are even more important with the increased
volume of bills that is handled by the legislature.
"Obviously this purpose is not accomplished, if the caption,
for lack of sufficient provision therein or by the mislead-
ing character of its provisions does not convey to the
reader the necessary information."  Schlichting v Texas
State Board of Medical Examiners, 158 Tex. 279, 310 S.W.2d
557, 561 (1958).  When a title to an amendment describes
part of the amendment's purpose, but fails to describe
another which substantially changes the original version,
our courts have characterized the action as surreptitious
in nature and in violation of the Constitution.  See,
e.g., Consolidated Underwriters v. Kirby Lumber Company,
267 S.W. 703 (Tex. Comm'n. App., 1924, opinion adopted);
Holman v. Cowden & Sutherland, 158 S.W. 571 (Tex. Civ.
App. 1913, error ref'd).

In Holman, supra, the court was confronted with an
analogous problem involving the Thirty-second Legislature
amending the act of a previous legislature and excluding
from the application of the amendment three counties, one of

which was included in the previous act and was not mentioned in the title of the amendment as an excluded county as the two other counties had been. The court at page 573 of its opinion, held that "so much of the act of the Thirty-second Legislature as excludes Matagorda County from the operation of the stock law referred to is inoperative and void, for the reasons indicated, and that therefore Matagorda County remains where the act of the Thirty-first Legislature places it."

Therefore, we must necessarily conclude that by the Sixtieth Legislature failing to include in the title of the amendment the notice that sections one, two, and three of the original act were to be deleted, in derogation of Article III, Section 35 of the Constitution of Texas, those sections still stand as they did prior to the amendment. Consequently, Texas Comptroller of Public Account's Ruling Number 95-0.09A is incorrect to the extent that it interprets Article 20.01(T) as not including sub-sections one, two, and three.

## S U M M A R Y

Texas Acts 60th Legislature, 1st Called Session, 1968, Chapter 2, Section 12 did not eliminate Sub-Sections (1), (2), and (3) of the original act, Texas Taxation-General Art. 20.01(T).

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alvin Louis Zimmerman
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Charles Aycock
Ralph Rash
John Grace
Alfred Walker

A. J. Carubbi, Jr.
Executive Assistant