Imogene Hollis **GRANT**, Appellant,

v.

**Jerry L. JEFFERIES**, Appellee.

No. 8369.

Court of Civil Appeals of Texas,
Amarillo.

July 16, 1973.

Underwood, Wilson, Sutton, Heare & Berry (R. A. Wilson), Amarillo, for appellant.

Law Offices of Tom Upchurch, Jr. (Stephen F. Scott, Jr.), Amarillo, for appellee.

JOY, Justice.

This is an appeal from an order overruling a plea of privilege. Reversed and remanded.

Plaintiff-appellee Jerry L. Jefferies brought suit against defendant-appellant Imogene Hollis Grant, seeking damages for personal injuries arising out of an automobile-pedestrian accident in Potter County, Texas. Defendant filed a plea of privilege to be sued in Randall County, Texas, the county of her residence. Plaintiff filed his controverting affidavit seeking to maintain venue in Potter County, Texas, by virtue of Article 1995, subd. 9a, Vernon's Ann. Civ.St. The court, following a hearing, overruled defendant's plea of privilege. This appeal is prosecuted from that order.

The only evidence offered at the plea of privilege hearing was that of the plaintiff, Jerry L. Jefferies. His testimony was to the effect that at the time of the accident he was walking in an easterly direction on the south side of Tenth Street where it intersects with Adams Avenue in Amarillo, Potter County, Texas. He testified that he was walking across the intersection with the green light, whereupon a station wagon turned off Tenth Street onto Adams Avenue, striking him and causing him bodily injury.

■ In order for plaintiff to be entitled to have the suit tried in Potter County under Subdivision 9a of Article 1995, he must establish by a preponderance of the evidence (1) that an act or omission of negligence occurred in the county where the suit was filed; (2) that such act or omission was that of defendant, in person, or that of his servant, agent, or representative acting within the scope of his employment; (3) that such negligence was a proximate cause of the plaintiff's injuries.

Defendant alleges in this appeal (1) that plaintiff did not prove by competent evidence that defendant was the driver of the car in question and (2) that plaintiff did not prove by competent evidence that the driver of the car in question, whoever it was, was negligent in any particular pleaded by plaintiff.

■ As previously noted, the testimony of the plaintiff Jerry Jefferies was the only evidence presented at the venue hearing. Nowhere in his testimony does the plaintiff identify the defendant, by name, or by description, as being the driver of the car that struck him. The only testimony that remotely connects the defendant with the accident is a question asked by plaintiff's attorney and answered by the plaintiff as follows:

"Q. Could you tell the court which direction you were going and which direction the car driven by the defendant was going?

"A. We were both going east."

A person's right to be sued in the county of his residence is a valuable right and should never be denied except upon clear and convincing proof that the alleged cause of action comes within an exception to Article 1995, V.A.C.S.; Heldt Bros. Trucks v. Silva, 464 S.W.2d 931 (Tex.Civ.App.— Corpus Christi 1971, no writ); City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466 (1943). The testimony of plaintiff in the instant case is insufficient to prove the first of the venue facts required to be proven by Art. 1995, V.A.C.S.

■ Defendant also asserts as error that plaintiff did not prove by competent evidence that the driver of the car, whoever it was, was negligent. Article 6701d § 33(a), V.A.C.S., states that vehicular traffic facing a green signal may proceed straight through or turn right or left, provided that vehicles turning right or left shall yield the right-of-way "to pedestrians *lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited.*" (Emphasis ours.)

Plaintiff's testimony supports the trial court's implied finding that plaintiff was in the intersection at the time the vehicle

turned. A portion of the testimony so indicating is as follows:

"Q. . . . well, at the point that the car started its turn to the right, had you already stepped into the crosswalk or were you then stepping into the crosswalk?

"A. No. I was already in the cross-walk."

The record also reflects that the vehicle in question drove into the plaintiff, rather than that the plaintiff walked into the vehicle, as the defendant asserts.

Since the record shows that plaintiff was both lawfully within the intersection and did not strike the automobile himself, it is apparent that the driver of the car was in violation of section 33(a) of Article 6701d, V.A.C.S. Where a statute requires the doing of an act, or prohibits its doing, violation of such statute constitutes negligence as a matter of law. Leatherman v. Starkey, 356 S.W.2d 151 (Tex.Civ.App.—Amarillo 1962, writ ref'd n.r.e.).

Having sufficiently established to the trial court's satisfaction that the driver of the car was negligent, plaintiff's testimony further reveals that such negligence was the proximate cause of his injuries. Some of the pertinent testimony is as follows:

"Q. Did it (the car) appear then to move toward you rather than away from you?

"A. Yes.

"Q. To the best of your recollection, you hit the forward portion of the car, whether it was the side or not?

"A. Yes, I hit, the first time I hit it, I hit it with my arm. And then it turned me. And I was trying to get out of the way. And I hit my back and it twisted it, and my head hit the concrete and kind of way-laid me."

 Having concluded that the evidence was insufficient to identify defendant as the driver of the car that struck plaintiff, and it being obvious that the case was not fully developed, the ends of justice require a remand. McMahon v. Forrest, 474 S.W.2d 815 (Tex.Civ.App.—Waco 1971, writ dism'd). Accordingly, the judgment of the trial court overruling the plea of privilege is reversed and remanded.